UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
: 
IN RE BRISTOL-MYERS SQUIBB CO. :
SECURITIES LITIGATION            :    07-Civ. 5867 (PAC)
: 
:    **FILED**
:    **ELECTRONICALLY**
: 
------------------------------------------------------------ x

# REPLY MEMORANDUM OF LAW IN SUPPORT OF PETER R. DOLAN'S MOTION TO DISMISS THE AMENDED COMPLAINT

Richard J. Davis
Robert F. Carangelo
Bradley R. Aronstam
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

January 7, 2008                                *Attorneys for Defendant Peter R. Dolan*

## TABLE OF CONTENTS

                                                                  **Page**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    I.     PLAINTIFFS HAVE NOT ADEQUATELY PLED SCIENTER ......................... 2

    II.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR "CONTROL PERSON" LIABILITY AGAINST MR. DOLAN ................................................. 6

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                                     **Page(s)**

In re Alstom SA Sec. Litig., 406 F. Supp. 2d 433 (S.D.N.Y. 2005)..........................................8

ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87 (2d Cir. 2007) ..............................4

Boguslavsky v. Kaplan, 159 F.3d 715 (2d Cir. 1998) ..........................................................7, 8

Burstyn v. Worldwide Xceed Group, Inc., 2002 WL 31191741
   (S.D.N.Y. Sept. 30, 2002).................................................................................................7, 8, 9

Compudyne Corp. v. Shane, 453 F. Supp. 2d 807 (S.D.N.Y. 2006) .......................................8

Dietrich v. Bauer, 126 F. Supp. 2d 759 (S.D.N.Y. 2001).......................................................8

Ganino v. Citizens Utils. Co., 228 F.3d 154 (2d Cir. 2000) ...................................................7

In re Global Crossing, Ltd. Sec. Litig., 2005 WL 1907005
   (S.D.N.Y. Aug. 8, 2005) ...................................................................................................9

Lapin v. Goldman Sachs Group, Inc., 506 F. Supp. 2d 221 (S.D.N.Y. 2006)..................7, 9

In re Livent, Inc. Noteholders Sec. Litig., 151 F. Supp. 2d 371 (S.D.N.Y. 2001) ...............7

Malin v. XL Capital Ltd., 499 F. Supp. 2d 117 (D. Conn. 2007).........................................6

Mishkin v. Ageloff, 1998 WL 651065 (S.D.N.Y. Sept. 23, 1998)..................................8, 9

Novak v. Kasaks, 216 F.3d 300 (2d Cir. 2000) ................................................................2

Rombach v. Chang, 355 F.3d 164 (2d Cir. 2004) .........................................................4, 6

In re Scottish Re Group Sec. Litig., 2007 WL 3256660
   (S.D.N.Y. Nov. 2, 2007) ................................................................................................5, 6

SEC v. First Jersey Sec., Inc., 101 F.3d 150 (2d Cir. 1996).........................................7, 8, 9

Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499 (2007) ...........................4, 9

In re WorldCom, Inc. Sec. Litig., 294 F. Supp. 2d 392 (S.D.N.Y. 2003) .........................3

## TABLE OF AUTHORITIES
### (Continued)

**Statutes & Rules**                                                                                      **Page(s)**

Fed. R. Civ. P. 9(b) ....................................................................................................1

Fed. R. Civ. P. 12(b)6 ...............................................................................................1

Private Securities Litigation Reform Act of 1995 ..................................................1, 3, 9

Defendant Peter R. Dolan respectfully submits this reply memorandum of law in further support of his motion to dismiss the Amended Complaint of the Ontario Teachers' Pension Plan Board and Minneapolis Firefighters' Relief Association pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA").[1]

## PRELIMINARY STATEMENT

Plaintiffs' opposition does not -- and cannot -- cure any of the pleading deficiencies in the Amended Complaint, each of which requires dismissal of the securities claims asserted against Mr. Dolan.

As demonstrated by the Company in its moving and reply briefs, Plaintiffs' Section 10(b) claim fails because the challenged disclosures provided accurate and appropriate disclosure as a matter of law. See BMS Reply Br. at Part I. Plaintiffs' Section 10(b) claim also fails for the independent reason that Plaintiffs cannot establish loss causation. See id. at Part II.[2]

For the reasons set forth below and in Mr. Dolan's moving brief, Plaintiffs have additionally failed to plead any facts, much less particularized ones, supporting a strong inference that Mr. Dolan acted with scienter as required by Rule 9(b) and the PSLRA. See Point I, infra. Plaintiffs' failure to plead a primary violation of Section

---

[1] All defined terms herein have the same meaning as set forth in Mr. Dolan's moving brief.

[2] As was the case in his moving brief, Mr. Dolan incorporates all of the arguments set forth in BMS's reply brief, including that the Amended Complaint should be dismissed because the Company's disclosures were accurate and appropriate as a matter of law, and that Plaintiffs' allegations of loss causation and scienter are insufficient as a matter of law.

10(b) on the part of the Company likewise mandates dismissal of their Section 20(a) claim against Mr. Dolan. Plaintiffs' Section 20(a) claim against Mr. Dolan also fails because the Amended Complaint does not plead any facts establishing his culpable participation in the alleged fraud. See Point II, infra.

## ARGUMENT

### I. PLAINTIFFS HAVE NOT ADEQUATELY PLED SCIENTER

Mr. Dolan established in his moving brief that Plaintiffs' Section 10(b) claim should be dismissed because the Amended Complaint falls woefully short of pleading particularized facts giving rise to a strong inference that he acted with scienter. See Mov. Br. at Point I.B. Specifically, Mr. Dolan explained that, rather than advancing particularized allegations of scienter with respect to Mr. Dolan, the Amended Complaint improperly advanced a series of generalized and conclusory allegations that could be levied against any CEO. See id. Plaintiffs' opposition brief is notable only for its failure to address these arguments and/or explain away the Amended Complaint's fatal shortcomings.

While Plaintiffs quote and rely on Novak v. Kasaks, 216 F.3d 300, 308 (2d Cir. 2000) (see Pls. Opp. Br. at 21), arguing that Mr. Dolan must have known, or been reckless in not knowing, about the alleged fraud because of his position as CEO of BMS, Novak is of no moment vis-à-vis Mr. Dolan here. Indeed, the Second Circuit in Novak specifically recognized that "[w]here plaintiffs contend defendants had access to contrary facts, they must specifically identify the reports or statements containing this information." Id. at 309. As established in Mr. Dolan's moving brief, the Amended Complaint lacks a single factual (as opposed to conclusory) allegation demonstrating that

Mr. Dolan had any knowledge concerning the alleged fraud or the purported "secret oral side agreements." See Mov. Br. at 9-10. Stripped of its hyperbole, Plaintiffs' opposition similarly fails to identify any such allegation.[3] In short, the Amended Complaint's shopworn allegations that Mr. Dolan "occupied the highest position at Bristol-Myers and was privy to non public information" and therefore "knew or recklessly disregarded the adverse facts . . . and omitted to disclose those facts" (Am. Compl. ¶ 134) are far too general to support the strong inference of scienter required by the PSLRA. See Mov. Br. at 8-9.

Plaintiffs also fail to refute Mr. Dolan's assertion that his statements regarding the Plavix Settlement were neither false nor misleading because he had no duty to report more detailed information. See Mov. Br. at 7-8. Indeed, Plaintiffs' opposition

---

[3] Plaintiffs' citation to In re WorldCom, Inc. Securities Litigation, 294 F. Supp. 2d 392, 402 (S.D.N.Y. 2003) in arguing that the "detailed" allegations in the Amended Complaint support a "strong inference" that Mr. Dolan, as CEO, knew that BMS's disclosures were materially misleading, or were at least reckless, is curious at best. See Pls. Opp. Br. at 23. Indeed, the complaint at issue in WorldCom contained detailed factual allegations demonstrating that Mr. Ebbers, the CEO in that case, was a "hands on" manager, cut the size of the accounting department by half so that the perpetrated fraud was less likely to be uncovered, and made repeated representations "to the public that he was familiar with WorldCom's accounting policies and practices, that they were reliable, and that they complied with SEC requirements." Id. at 402. The WorldCom complaint also alleged that Mr. Ebbers had a strong financial motive for committing fraud because he had "significant personal loans secured by WorldCom stock" and faced significant margin calls. Id. The general allegations concerning Mr. Dolan in the Amended Complaint stand in stark contrast to the detailed allegations of fraud levied against Mr. Ebbers in Worldcom. In fact, not only do Plaintiffs offer no evidence suggesting that Mr. Dolan was a "hands on" manager, the Amended Complaint alleges that Mr. Dolan delegated the negotiations at the center of the alleged fraud to Dr. Bodnar. See Am. Compl. ¶ 126; see also Pls. Opp. Br. at 25 (conceding same). Nor does the Amended Complaint contain any allegations of any insider trading, specific profits realized, or any other hallmark indicia of scienter. Thus, if anything, the particularized allegations at issue in Worldcom concerning the alleged fraud in that case illustrate precisely what is missing from the Amended Complaint here.

merely recapitulates the Amended Complaint's conclusory allegation that the statements gave "investors a false and misleading portrayal of the true facts." Pls. Opp. Br. at 22. But Plaintiffs tellingly neglect to address the compelling, nonculpable explanation for not reporting more detailed information about the Plavix Settlement – i.e., to protect BMS from competitors who would likely have used the disclosure to BMS's disadvantage. See Mov. Br. at 8 (citing ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 104 (2d Cir. 2007)). This plausible opposing inference fatally undermines any strong inference of scienter on Mr. Dolan's behalf as well, especially considering the mandate of the United States Supreme Court in Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499 (2007) that "[a] complaint will survive only if a reasonable person would" – not just "could" – "deem the inference of scienter cogent and at least as compelling as any plausible opposing inference [of nonfraudulent intent] one could draw from the facts alleged." Id. at 2502-03 (emphasis added).

      Moreover, Plaintiffs have failed to refute the authority cited by Mr. Dolan in his moving brief making clear that the pleading technique that couples a factual statement with a conclusory allegation of fraud is insufficient to support an inference of scienter. See Mov. Br. at 8 (citing Rombach v. Chang, 355 F.3d 164, 176 (2d Cir. 2004)). In fact, Plaintiffs rely heavily on this pleading shell game throughout their opposition brief to bolster their "claims" of scienter. For example, Plaintiffs state that Mr. Dolan "approved the Companies materially incomplete and misleading public disclosures; personally made materially incomplete and misleading statements . . . [and] approved the Company's materially incomplete and misleading submissions" to regulatory authorities. Pls. Opp. Br. at 21 (emphasis added). Putting aside the incorrect –

and unsubstantiated – characterization of the challenged disclosures as incomplete or misleading, Plaintiffs offer no evidence whatsoever that Mr. Dolan <u>knew</u> or <u>believed</u> that any of the statements were anything but complete and accurate. Simply tacking the words "materially incomplete and misleading" to the end of a factual statement does nothing to bolster bare allegations that Mr. Dolan acted with scienter. Not only does Plaintiffs' repetition of the phrase "materially incomplete and misleading" not make it so, but it also has nothing to do with Mr. Dolan's state of mind.

Finally, while Plaintiffs' opposition continues to posit that Mr. Dolan's resignation as CEO somehow constitutes evidence of his "scienter" (<u>see</u> Pls. Opp. Br. at 22), Plaintiffs persist in ignoring that the Company's September 12, 2006 press release in no way linked Mr. Dolan's resignation to any wrongdoing. In particular, the press release does not link Mr. Dolan's resignation to participation in (or knowledge concerning) the alleged "secret oral side agreements," the alleged fraudulent scheme concerning the Plavix Settlement, or any of the challenged disclosures. <u>See</u> Mov. Br. at 10. Indeed, Plaintiffs' opposition fails to acknowledge, let alone address, that paragraph 105 of the Amended Complaint selectively omitted the portion of the press release that there were no findings of "'<u>any violation of the deferred prosecution agreement</u>'" or "'<u>any unlawful conduct by the [C]ompany or any of its employees</u> . . . .'" <u>See</u> <u>id.</u> (emphasis added). Plaintiffs' silence on this point is deafening.

Stated simply, there is no evidence linking Mr. Dolan's resignation to the alleged fraud. Plaintiffs' scienter "argument" should be rejected inasmuch as their own authority recognizes that "'resignations of [corporate officers are] <u>not sufficient in and of themselves</u>'" to plead scienter. Pls. Opp. Br. at 22 (emphasis added) (quoting <u>In re</u>

Scottish Re Group Sec. Litig., 2007 WL 3256660, at *15 n.176 (S.D.N.Y. Nov. 2, 2007)); see also Mov. Br. at 10 ("[T]ermination alone is not indicative of scienter because 'in the absence of facts connecting' [the defendant] to the alleged fraud, it is more likely that they were terminated and resigned as a result of company mismanagement, not securities fraud") (quoting Malin v. XL Capital Ltd., 499 F. Supp. 2d 117, 162 (D. Conn. 2007)).

\* \* \*

In sum, Plaintiffs' conclusory allegations fall short of pleading particularized facts establishing the requisite cogent and compelling inference that Mr. Dolan acted with scienter. The Amended Complaint must accordingly be dismissed as to Mr. Dolan as a matter of law.

## II. PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR "CONTROL PERSON" LIABILITY AGAINST MR. DOLAN

Mr. Dolan demonstrated in his moving brief that Plaintiffs' "control person" claim under Section 20(a) failed because the Amended Complaint does not allege a viable predicate primary violation of Section 10(b). See Mov. Br. at 11. To repeat, a plaintiff must first establish a "primary violation" in order to maintain a Section 20(a) claim for control person liability. See id. (citing Rombach, 355 F.3d at 177-78). Because Plaintiffs' Section 10(b) claim fails in several respects as to the Company, Plaintiffs' secondary control person claim necessarily fails, as well.

Mr. Dolan also demonstrated in his moving brief that Plaintiffs' control person claim against him failed for the additional independent reason that the Amended Complaint lacked any factual allegations establishing his "culpable participation" in the

alleged fraud. See Mov. Br. at 12-13. While Plaintiffs argue in their opposition that this Court should not recognize culpable participation as an essential element of a Section 20(a) claim on account of the view espoused in a number of district court decisions in support of that argument (see Pls. Opp. Br. at 25-26), the Second Circuit has specifically stated on no less than three occasions that "culpable participation" is a necessary element of a Section 20(a) claim. See, e.g., Boguslavsky v. Kaplan, 159 F.3d 715, 720 (2d Cir. 1998); SEC v. First Jersey Sec., Inc., 101 F.3d 1450, 1472 (2d Cir. 1996); Ganino v. Citizens Utils. Co., 228 F.3d 154, 170 (2d Cir. 2000). As explained by the Court in Lapin v. Goldman Sachs Group, Inc., "the term culpable participation suggests some individualized determination . . . of the defendant['s] . . . particular culpability." 506 F. Supp. 2d 221, 247 (S.D.N.Y. 2006) (quoting Boguslavsky, 159 F.3d at 720) (internal quotations omitted). The PSLRA's heightened pleading requirements thus apply to the "culpable participation" element and "plaintiffs must plead with particularized facts giving rise to a strong inference that the controlling person knew or should have known that the primary violator, over whom that person had control, was engaging in fraudulent conduct." Id. (quoting Burstyn v. Worldwide Xceed Group, Inc., 2002 WL 31191741, at *8 (S.D.N.Y. Sept. 30, 2002) (omitting citation and quotation)).

Although there are different views on this issue at the district court level, "the authority available balances toward holding that the plaintiff bears the burden of pleading culpability as part of a prima facie case under § 20(a)." In re Livent, Inc. Noteholders Sec. Litig., 151 F. Supp. 2d 371, 414-16 (S.D.N.Y. 2001); see also Lapin, 506 F. Supp. 2d at 246 ("The Court agrees with the line of cases that applies Second Circuit precedent to hold that 'culpable participation' is a pleading requirement to state a

section 20(a) claim"); In re Alstom SA Sec. Litig., 406 F. Supp. 2d 433, 490 (S.D.N.Y. 2005) (noting the divergence among some district courts on this issue and "reiterat[ing] its holding in Livent [] that Plaintiffs must plead culpable participation in order to state a claim under Section 20(a)"); Burstyn, 2002 WL 31191741, at *7 (holding that "plaintiffs must plead culpable participation" as an element of a Section 20(a) claim notwithstanding that "district courts in this Circuit have divided as to the prima facie requirements of a section 20(a) claim"); Mishkin v. Ageloff, 1998 WL 651065, at *25 (S.D.N.Y. Sept. 23, 1998) (discussing the intra-circuit split among some district courts concerning the issue and finding that plaintiffs must allege "at the initial pleading stage . . . particularized facts of the controlling person's conscious misbehavior as a culpable participant in the fraud"). In fact, the very authority relied on by Plaintiffs in their opposition brief -- see Pls. Opp. Br. at 24, 33 -- recognizes the requirement that Plaintiffs must plead "'that the controlling person was in some meaningful sense a culpable participant in the primary violation.'" Compudyne Corp. v. Shane, 453 F. Supp. 2d 807, 829 (S.D.N.Y. 2006) (quoting Dietrich v. Bauer, 126 F. Supp. 2d 759, 764 (S.D.N.Y. 2001)).[4]

---

[4] While Plaintiffs attempt to brush aside in a footnote two of the three above cited Second Circuit decisions -- Boguslavsky and First Jersey Securities -- recognizing "culpable participation" as a necessary element of a Section 20(a) claim on the basis that those cases were not decided on motions to dismiss (see Pls. Opp. Br. at 26 n.10), the above quoted District Court opinions have embraced these cases in concluding that culpable participation is an essential part of a plaintiff's prima facie case at the pleading stage. See, e.g., Mishkin, 1998 WL 651065, at *24 ("Although I do not read the Court of Appeals' use of the phrase 'prima facie' [in First Jersey] as conclusively resolving the intra-circuit split, I cannot ignore the import of this phrase" inasmuch as "[i]n selecting this language, the Court of Appeals held that a plaintiff must make a showing, prior to the submission of any proof by a defendant, that the controlling person was 'in some meaningful sense [a] culpable participant[] in the fraud perpetrated by [the controlled person]'") (quoting First Jersey, 101 F.3d at 1472)).

Indeed, requiring Plaintiffs to plead facts evincing culpable participation is entirely consistent with the policy goals underlying the PSLRA. As explained just last year by the Supreme Court in Tellabs, "[p]rivate securities fraud actions, . . . if not adequately contained, can be employed abusively to impose substantial costs on companies and individuals whose conduct conforms to the law." 127 S. Ct. at 2504.

Numerous courts in this Circuit have additionally held that because Plaintiffs must plead culpable participation as an element of a Section 20(a) claim, the PSLRA's heightened pleading requirements apply. Indeed, "'culpable participation' . . . must be ple[d] with the same particularity as scienter under section 10(b)." Lapin, 506 F. Supp. 2d at 246; see also In re Global Crossing, Ltd. Sec. Litig., 2005 WL 1907005, at *5 (S.D.N.Y. Aug. 8, 2005) (pleading culpable participation requires pleading "'facts giving rise to a strong inference that the controlling person knew or should have known that the primary violator . . . was engaging in fraudulent conduct'") (citation omitted); Burstyn, 2002 WL 31191741, at *8 ("Since culpable participation is an element, the PSLRA's heightened pleading requirements apply").

As demonstrated above, the Amended Complaint falls far short of this standard inasmuch as Plaintiffs' have failed to plead any facts giving rise to any inference, much less the requisite strong one, that Mr. Dolan acted with scienter. See Point I, supra. Plaintiffs' control allegations fail a fortiori.

## CONCLUSION

For all of the foregoing reasons and those set forth in Mr. Dolan's moving brief, the Amended Complaint should be dismissed in its entirety with prejudice as to Mr. Dolan.

Dated: January 7, 2008
      New York, New York

_____
Richard J. Davis (RD-3932)
Robert F. Carangelo (RC-3162)
Bradley R. Aronstam (BA-4023)
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

*Attorneys for Defendant Peter R. Dolan*

## CERTIFICATE OF SERVICE

I, Emily L. Katz, hereby certify that on January 7, 2008, I caused the foregoing REPLY MEMORANDUM OF LAW IN SUPPORT OF PETER R. DOLAN'S MOTION TO DISMISS THE AMENDED COMPLAINT to be served by Federal Express upon the attorneys for Ontario Teachers' Pension Plan Board, Minneapolis Firefighters' Relief Association, Andrew A. Bodnar, and Bristol-Myers Squibb Company at the following addresses:

Salvatore J. Graziano
Jai K. Chandrasekhar
Gerald H. Silk
BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
1285 Avenue of the Americas
New York, NY 10019
Tel.: (212) 554-1400
Fax: (212) 554-1444

*Attorneys for Lead Plaintiff Ontario Teachers' Pension Plan Board and Lead Counsel for the Class*

Frederic S. Fox
Joel B. Strauss
Jeffrey P. Campisi
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue
New York, NY 10022
Tel.: (212) 687-1980
Fax.: (212) 687-7714

-and-

Richard A. Lockridge
Karen H. Riebel
Lockridge Grindal Nauen P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Tel.: (612) 339-6900
Fax.: (612) 399-0981

*Attorneys for Plaintiff Minneapolis
Firefighters' Relief Association*

Elkan Abramowitz
Lawrence S. Bader
Jerrold L. Steigman
MORVILLO, ABRAMOWITZ, GRAND, IASON, ANELLO &
BOHRER, P.C.
565 Fifth Avenue
New York, NY 10017
Tel.: (212) 880-9300
Fax.: (212) 856-9494

*Attorneys for Defendant Andrew A. Bodnar*

Lorin L. Reisner
Michael R. Potenza
Jacob W. Stahl
DEBOVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel.: (212) 909-6000
Fax.: (212) 909- 6836

*Attorneys for Bristol-Myers Squibb Company*

_____
Emily L. Katz