```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
STEVEN W. SAMPSON, TRUSTEE,                    :

           Plaintiff,                          :
                                                   07 Civ. 6890 (PAC)
      -against-                                :   Related Case: 07 Civ. 5867

JAMES D. ROBINSON III, LEWIS B.                :
CAMPBELL, JAMES M. CORNELIUS,                      OPINION AND ORDER
LAURIE H. GLIMCHER, M.D., VICKI L.             :
SATO, PH.D., LEIF JOHANSSON, LOUIS
J. FREEH, MICHAEL GROBSTEIN, and R.            :
SANDERS WILLIAMS, M.D.,
                                               :
           Defendants.
                                               :
      and
                                               :
BRISTOL-MYERS SQUIBB COMPANY,
                                               :
           Nominal Defendant.
                                               :
-------------------------------------------------------------X
```

HONORABLE PAUL A. CROTTY, United States District Judge:

Derivative Plaintiff Steven W. Sampson ("Sampson" or "Plaintiff") moves pursuant to Federal Rules of Civil Procedure 59(e) and 15(a), and Local Civil Rule 6.3, requesting that the Court: (1) reconsider its Opinion and Order of August 20, 2008; (2) amend the August 20, 2008, Opinion and Order to provide that dismissal is without prejudice; and (3) grant the Plaintiff leave to file an amended complaint. For the reasons that follow, the motion is DENIED.

## **DISCUSSION**

The facts in this case are stated in full in the Court's Opinion and Order of August 19, 2008 ("Securities Order"), in the related securities class action case of In re Bristol-Myers

1

Squibb Company Securities Regulation, No. 07 Civ. 5867 (PAC), 2008 WL 3884384 (S.D.N.Y. Aug. 20, 2008). Familiarity is presumed and the facts will not be repeated.

One day later, on August 20, 2008, the Court granted Defendants' motion to dismiss Plaintiff's Amended Verified Derivative Complaint ("Derivative Complaint") for failure to satisfy the pre-suit demand requirement. The Court found that Plaintiff had failed to assert particularized factual allegations demonstrating that a majority of the board of directors was interested, lacked independence, or did not exercise its best business judgment. See Sampson v. Robinson, No. 07 Civ. 6890 (PAC), 2008 WL 3884386, at * 7-8 (S.D.N.Y. Aug. 20, 2008). Plaintiff now requests that the Court reconsider this Opinion and Order and allow Plaintiff leave to amend the complaint.

I.    **Standards for Motion for Reconsideration and Leave to Amend**

The standard for granting a motion for reconsideration under Local Rule 6.3 is strict, "so as to avoid repetitive arguments on issues that have been considered fully by the Court." Dellefave v. Access Temporaries, Inc., 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001). Reconsideration generally will be denied "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Rule 6.3, Local Civil Rules, S.D.N.Y. Controlling authority "means decisions of the Second Circuit Court of Appeals, or the U.S. Supreme Court." Ivan Visin Shipping, Ltd. v. Onego Shipping & Chartering B.V., 543 F. Supp. 2d 338, 339 (S.D.N.Y. 2008) (internal citation omitted). A motion to amend or alter a judgment under Rule 59(e) of the Federal Rules of Civil Procedure is held to the same strict standard. See In re Evergreen Mut. Funds Fee Litig., 240 F.R.D. 115, 117 (S.D.N.Y. 2007).

A party seeking to file an amended complaint post-judgment "must first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008). Unless the Court finds a basis to vacate a previously entered judgment, "it would be contradictory to entertain a motion to amend the complaint." Nat'l Petrochemical Co. v. M/T Stolt Sheaf, 930 F.2d 240, 245 (2d Cir. 1991). This standard is completely rational, otherwise the liberal amendment policy of Rule 15(a) could be "employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." Id. (quoting 6 C. Wright & A. Miller, Federal Prac. and Proc. § 1489, at 694 (1990)).

## II. Analysis

Plaintiff acknowledges that there is no law or facts that the Court overlooked in reaching its August 20, 2008 decision dismissing the Derivative Complaint. (See Pl.'s Mem. 6.) Instead, Plaintiff argues that the Court should grant leave to amend the complaint because Plaintiff can cure the deficiencies in the Derivative Complaint and provide the required specificity to show demand futility.

In particular, Plaintiff argues that facts in the related class action securities claim, In re Bristol-Myers Squibb Co., 2008 WL 3884384, which the Court found to be pled with specificity, can bolster the Derivative Complaint and establish the Defendants' wrongdoing with sufficient particularity. Thus, Plaintiff requests that the Court allow him to amend the Derivative Complaint to include facts found sufficient in the Securities Order.

The Court does not find Plaintiff's application persuasive. While leave to amend or replead a complaint shall be "freely given" under Rule 15(a), that is not the case when leave to amend is sought post-judgment. Panther Partners, Inc. v. Ikanos Communications, Inc., No. 06

Civ. 12967 (PAC), 2008 WL 2414047, at *2 (S.D.N.Y. June 12, 2008) ("'Freely given' leave to amend does not mean that leave is to be granted in perpetuity. This is especially so when a dispositive motion has been issued and a decision on the merits made."). Here, the Court ruled on Plaintiff's case after a full review of Plaintiff's arguments. Plaintiff readily acknowledges that he does not allege that the Court overlooked any facts or controlling law in its previous Order. Thus, Plaintiff's allegation that he now has the facts to make his derivative claim with specificity does not meet the strict standards for reconsideration under Local Civil Rule 6.3 and Federal Rules of Civil Procedure 59(e). Plaintiff's motion for reconsideration and to amend the complaint is denied.

## CONCLUSION

For the reasons set forth, the motion for reconsideration and to amend the complaint is DENIED.

Dated: New York, New York
October 31, 2008

SO ORDERED

PAUL A. CROTTY
United States District Judge