UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____                   │
│ DATE FILED: 1 8 AUG 2009         │
└─────────────────────────────────┘
```

---

IN RE BRISTOL-MYERS SQUIBB CO.          File No. 07-CV-5867 (PAC)
SECURITIES LITIGATION

---

[PROPOSED] ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, Lead Plaintiff Ontario Teachers' Pension Plan Board ("Ontario Teachers" or "Lead Plaintiff"), and Bristol-Myers Squibb Co. ("Bristol-Myers" or the "Company"), Peter R. Dolan ("Dolan") and Andrew G. Bodnar ("Bodnar"; collectively with Bristol-Myers, "Defendants"), have applied to the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order approving the settlement of the above-captioned litigation (the "Consolidated Action") in accordance with the Stipulation and Agreement of Settlement dated as of July 21, 2009 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Consolidated Action (the "Settlement") and for dismissal of the Consolidated Action with prejudice as against all of the Released Parties, upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    This order (the "Notice Order") hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation. Any inconsistencies between the Stipulation and the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") will be controlled by the language of the Stipulation.

2.    The Court hereby preliminarily approves the Settlement as being fair, reasonable and adequate to the Class, pending a final hearing on the Settlement.

**CLASS CERTIFICATION**

3.    The Court hereby certifies, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, a Class defined as follows:

> all persons and entities who purchased or acquired Bristol-Myers common stock during the period from after the close of the market on March 21, 2006, through August 8, 2006, inclusive, and suffered damages as a result. Excluded from the Class are: (i) Defendants; (ii) members of the immediate families of individual

1

defendants Dolan and Bodnar; (iii) any person who was an executive officer or director of Bristol-Myers during the Class Period; (iv) any person, firm, trust, corporation, officer, director, or any other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant; (v) any person who actively participated in the alleged wrongdoing at issue; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Class are any persons who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

4.      The Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:  (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Ontario Teachers and named plaintiff Minneapolis Firefighters' Relief Association ("Minneapolis Firefighters") are typical of the claims of the Class they seek to represent; (d) Ontario Teachers and Minneapolis Firefighters have fairly and adequately represented the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Ontario Teachers and Minneapolis Firefighters are appointed as the Class Representatives, and Bernstein Litowitz Berger & Grossmann LLP is appointed as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

6.      The Court appoints the firm of The Garden City Group, Inc. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

a.      Within ten (10) business days after entry of this Order, the Claims Administrator shall cause a copy of the Notice and the Proof of Claim and Release (the "Claim Form"), annexed hereto respectively as Exhibits 1 and 2, to be mailed by first-class mail, postage prepaid, to all members of the Class at the address of each such Class Member as set forth in the

2

records of Bristol-Myers or its transfer agent, or who are identified by further reasonable efforts (the "Notice Date"). Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of mailing of the Notice and Claim Form; and

        b.     A summary notice ("Publication Notice"), annexed hereto as Exhibit 3, shall be published once each in the national edition of *The Wall Street Journal* and over the *PR Newswire* within ten (10) business days of the mailing of the Notice. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Publication Notice.

        7.     The Court approves the form of Notice and Publication Notice (together, the "Notices") and Claim Form, and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in paragraph 6 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, due process, and constitute the best notice practicable under the circumstances.

        8.     Pursuant to the Stipulation, for the purpose of identifying and providing notice to the Class, within five (5) business days of entry of this Order, Bristol-Myers shall provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its shareholder lists as appropriate for providing notice to the Class, in electronic form. To the extent available in Bristol-Myers' or its transfer agent's records, this information shall contain the names and addresses of all purchasers of Bristol-Myers common stock during the Class Period, as reflected in Bristol-Myers' or its transfer agent's records.

        9.     Nominees who purchased or otherwise acquired Bristol-Myers common stock for beneficial owners who are Class Members are directed to: (a) request within fourteen (14) days of receipt of the Notice additional copies of the Notice and the Claim Form from the Claims Administrator for such beneficial owners; or (b) send a list of the names and addresses of such beneficial owners to the Claims Administrator within fourteen (14) days after receipt of the Notice. If a nominee elects to send the Notice to beneficial owners, such nominee is directed to

3

mail the Notice within fourteen (14) days of receipt of the copies of the Notice from the Claims

Administrator, and upon such mailing, the nominee shall send a statement to the Claims

Administrator confirming that the mailing was made as directed, and the nominee shall retain the

list of names and addresses for use in connection with any possible future notice to the Class.

Upon full compliance with this Preliminary Approval Order, including the timely mailing of

Notice to beneficial owners, such nominees may seek reimbursement of their reasonable

expenses actually incurred in complying with this Preliminary Approval Order by providing the

Claims Administrator with proper documentation supporting the expenses for which

reimbursement is sought and reflecting compliance with these instructions, including timely

mailing of the Notice, if the nominee elected or elects to do so. Such properly documented

expenses incurred by nominees in compliance with the terms of this Preliminary Approval Order

shall be paid from the Settlement Fund.

## HEARING: RIGHT TO BE HEARD

10.    There shall be a hearing on *December 8*, 2009, at *2PM* (the "Settlement

Hearing") at which time the Court shall address the fairness, reasonableness and adequacy of the

Settlement, the fairness and reasonableness of the Plan of Allocation, and Lead Counsel's

application for attorneys' fees and payment of Litigation Expenses. The Settlement Hearing

shall be held before the this Court at the United States District Court for the Southern District of

New York, 500 Pearl Street, Courtroom *20C*, New York, NY 10007.

11.    Papers in support of the Settlement, the Plan of Allocation, and Lead Counsel's

application for attorneys' fees and payment of Litigation Expenses shall be filed on or before

seven (7) business days prior to the Settlement Hearing.

12.    Any member of the Class may appear at the Settlement Hearing and show cause

why the proposed Settlement embodied in the Stipulation should or should not be approved as

fair, reasonable and adequate, and/or to present opposition to the Plan of Allocation or to the

application of Lead Counsel for attorneys' fees and payment of Litigation Expenses. However,

4

no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or the terms of the Plan of Allocation or the application by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses unless that Class Member (i) has served written objections, including the basis therefor, as well as copies of any papers (including proof of all purchases or acquisitions of Bristol-Myers common stock during the Class Period) and/or briefs in support of his, her or its position upon the following counsel such that it is received on or before twenty-one (21) calendar days prior to the Settlement Hearing:  Salvatore J. Graziano, Esq., Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, NY 10019, and Sean Hecker, Esq., Debevoise & Plimpton LLP, 919 Third Avenue, New York, NY 10022; and (ii) filed said objections, papers and briefs with the Clerk of the United States District Court for the Southern District of New York on or before twenty-one (21) calendar days before the Settlement Hearing. Any Class Member who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as incorporated in the Stipulation, to the Plan of Allocation or to the application by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses unless otherwise ordered by the Court. The manner in which a notice of objection should be prepared, filed and delivered shall be stated in the Notice.

13.     If approved, all Class Members will be bound by the proposed Settlement provided for in the Stipulation, and by any judgment or determination of the Court affecting Class Members, regardless of whether or not a Class Member submits a Claim Form.

14.     Any member of the Class may enter an appearance in the Consolidated Action, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

15.     The Court reserves the right to adjourn or continue the Settlement Hearing, or any adjournment or continuance thereof, without any further notice to Class Members and to approve

5

the Stipulation and/or Plan of Allocation with modification and without further notice to Class Members.

**CLAIMS PROCESS**

16.    In order to be entitled to participate in the Settlement, a Class Member must complete and submit a Claim Form in accordance with the provisions of paragraph 23 of the Stipulation and in accordance with the instructions contained in the Claim Form and/or the Notice. To be valid and accepted, Claim Forms submitted in connection with this Settlement must be postmarked no later than 120 days after the Notice Date (unless by Order of the Court, late-filed Claim Forms are accepted).

17.    Any Class Member who does not timely submit a valid Claim Form shall not be entitled to share in the Settlement Fund, unless otherwise ordered by the Court, but nonetheless shall be barred and enjoined from asserting any of the Settled Claims and shall be bound by any judgment or determination of the Court affecting the Class Members.

18.    None of the Settling Defendants nor any other Released Party shall have any responsibility whatsoever for the administration of the Settlement or the disbursement of the Net Settlement Fund and shall not be permitted to review, contest or object to any Claim Form or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim Form or Claim for payment by a Class Member.

**REQUEST FOR EXCLUSION FROM THE CLASS**

19.    Any requests for exclusion must be submitted such that they are received no later than twenty-one (21) calendar days before the date of the Settlement Hearing. To be valid, each request for exclusion must (i) state the name and address of the person or entity requesting exclusion; (ii) state that such person or entity requests exclusion from the Class in *In re Bristol-Myers Squibb Co. Securities Litigation*, 07-CV-5867 (PAC); (iii) be signed by the person or entity requesting exclusion; (iv) provide a telephone number for that person or entity; and (v) provide the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Bristol-Myers common stock during the Class Period. Requests for exclusion will not be valid if

6

they do not include the information set forth above and are not received within the time stated above, unless the Court otherwise determines. Copies of all requests for exclusion from the Class received by the Claims Administrator (or other person designated to receive exclusion requests) shall be provided to Lead Counsel and Defendants' counsel no later than eight (8) business days prior to the Settlement Hearing. All persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

20.     Released Parties shall have no responsibility or liability whatsoever with respect to the Plan of Allocation or Lead Counsel's application for an award of attorneys' fees and payment of Litigation Expenses. The Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and payment of Litigation Expenses will be considered separately from the fairness, reasonableness and adequacy of the Settlement. At or after the Settlement Hearing, the Court will determine whether Lead Counsel's proposed Plan of Allocation should be approved, and the amount of attorneys' fees and Litigation Expenses to be awarded to Lead Counsel. Any appeal from any orders relating to the Plan of Allocation or Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, or reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Settlement and the settlement of the Consolidated Action set forth therein.

21.     Only Class Members and Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

22.     All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

7

23.    Lead Counsel or their agents are authorized and directed to prepare any tax returns required to be filed for the Escrow Account and to cause any Taxes due and owing to be paid from the Escrow Account without further Order of the Court, and to otherwise perform all obligations with respect to Taxes and any reportings or filings in respect thereof as contemplated by the Stipulation without further order of the Court.

24.    As set forth in the Stipulation, Lead Counsel may pay from the Escrow Account, without further approval from Defendants or further order of the Court, the Notice and Administration Costs actually incurred.    Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing Notice and processing the submitted claims, and the fees, if any, of the Escrow Agent.  In the event that the Settlement is terminated pursuant to the terms of the Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants or any other person or entity who or which contributed to the Settlement Fund on their behalf.

25.    The Stipulation and Settlement set forth therein, whether or not consummated, and any proceedings taken pursuant to it:

a.    shall not be offered or received against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted against any of the Released Parties in this Consolidated Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Released Parties;

b.    shall not be offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released

8

Parties, or against the Lead Plaintiff or any Class Members as evidence of any infirmity in the claims of Lead Plaintiff or the other Class Members;

c.    shall not be offered or received against any of the Released Parties, or against the Lead Plaintiff or any other Class Members, as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, Defendants, any other Released Party, or any Class Member may refer to it to effectuate the protection from liability granted them hereunder;

d.    shall not be construed against any of the Released Parties, Lead Plaintiff or any other Class Members as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

e.    shall not be construed against Lead Plaintiff or any other Class Members as an admission, concession, or presumption that any of their claims are without merit or that damages recoverable under the Amended Complaint would not have exceeded the Settlement amount; and

f.    shall not be construed as or received in evidence as an admission, concession or presumption that class certification is appropriate in this Consolidated Action, except for purposes of this Settlement.

26.    There shall be no distribution of any of the Net Settlement Fund to any Class Member until a plan of allocation is finally approved and the Court issues a Class Distribution Order.

27.    The Court retains jurisdiction of this Consolidated Action to consider all further applications arising out of or connected with the proposed Settlement, and as otherwise warranted.

9

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE BRISTOL-MYERS SQUIBB CO. | File No. 07-CV-5867 (PAC) |
| SECURITIES LITIGATION | |

## NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT, SETTLEMENT FAIRNESS HEARING, AND MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

### *A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

NOTICE OF PENDENCY OF CLASS ACTION:  Please be advised that your rights may be affected by a class action lawsuit pending in this Court (the "Consolidated Action") if, during the period from after the close of the market on March 21, 2006, through and including August 8, 2006, you purchased or acquired common stock of Bristol-Myers Squibb Company ("Bristol-Myers" or the "Company").

NOTICE OF SETTLEMENT:  Please also be advised that the Court-appointed Lead Plaintiff, Ontario Teachers' Pension Plan Board ("Lead Plaintiff"), on behalf of the Class (as defined in ¶1 below), has reached a proposed Settlement of the Consolidated Action for a total of $125 million in cash that will resolve all claims in the Consolidated Action.

This Notice explains important rights you may have, including your possible receipt of cash from the Settlement.  Your legal rights will be affected whether or not you act.  Please read this Notice carefully!

1.   **Description of the Consolidated Action and the Class:**  This Notice relates to a proposed Settlement of a class action lawsuit pending against Defendant Bristol-Myers and Individual Defendants Peter R. Dolan ("Dolan") and Andrew G. Bodnar ("Bodnar") (the "Defendants").  The proposed Settlement, if approved by the Court, will settle claims of all persons and entities who purchased or acquired Bristol-Myers common stock between after the close of the market on March 21, 2006, through August 8, 2006, inclusive (the "Class Period"), and suffered damages as a result (the "Class").

2.   **Statement of the Class's Recovery:**  Subject to Court approval, and as described more fully in ¶¶21-25 below, Lead Plaintiff, on behalf of the Class, has agreed to settle all claims related to the purchase of Bristol-Myers common stock during the Class Period that were or could have been asserted against Defendants and other Released Parties in the Consolidated Action in exchange for a settlement payment of $125,000,000 (the "Settlement Amount") in cash to be deposited into an interest-bearing escrow account (the "Settlement Fund").  The Net Settlement Fund (the Settlement Fund less taxes, notice and administration costs, and attorneys' fees and Litigation Expenses awarded to Lead Counsel) will be distributed in accordance with a plan of allocation (the "Plan of Allocation") that will be approved by the Court and will determine how the Net Settlement Fund shall be allocated to the members of the Class.  The proposed Plan of Allocation is included in this Notice.

3.   **Statement of Average Amount of Damages Per Share:**  The parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiff were to prevail.  Defendants deny all liability and that any shares of Bristol-Myers common stock were damaged as Lead Plaintiff has alleged.  The Parties disagree on, among other things: (i) whether the disclosures challenged in this Consolidated Action were materially false and misleading, (ii) whether the price of Bristol-Myers common stock was inflated as the result of any allegedly false or misleading public statements or omissions by Defendants, and (iii) whether the decline in the price of Bristol-Myers common stock alleged in the Consolidated Action resulted from the disclosure of any information that Lead Plaintiff

alleges was wrongfully withheld. Assuming that all Class Members participate in the Settlement, Lead Counsel's damages expert estimates that the average distribution per affected share of Bristol-Myers common stock will be approximately $0.42, before the deduction of Court-approved fees, expenses and costs as described herein. Class Members should note, however, that this is only an estimate based on the overall number of potentially damaged shares in the Class. Some Class Members may recover more or less than this estimated amount depending on, among other factors, when and the prices at which their shares were purchased or sold.

4. **Statement of Attorneys' Fees and Expenses Sought:** Lead Counsel (as defined in ¶7 below) will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 20% of the Settlement Amount with interest from the date of funding at the same rate as earned by the Settlement Fund. In addition, Lead Counsel also will apply for the reimbursement of Litigation Expenses paid or incurred in connection with the prosecution and resolution of the Consolidated Action, in an amount not to exceed $500,000, plus interest from the date of funding at the same rate as earned by the Settlement Fund. Lead Counsel's overall request for reimbursement of Litigation Expenses may include a request for an award to Lead Plaintiff and/or named plaintiff Minneapolis Firefighters' Relief Association for reimbursement of their reasonable costs and expenses (including lost wages) directly related to their representation of the Class. If the Court approves Lead Counsel's fee and Litigation Expense application, the average cost per affected share will not exceed approximately $0.09.

5. **Identification of Attorneys' Representatives:** Lead Plaintiff and the Class are being represented by Salvatore J. Graziano, Esq., of Bernstein Litowitz Berger & Grossmann LLP, the Court-appointed Lead Counsel. Any questions regarding the Settlement should be directed to Mr. Graziano at Bernstein Litowitz Berger & Grossmann LLP, 1285 Avenue of the Americas, New York, NY 10019, (800) 380-8496, blbg@blbglaw.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **REMAIN A MEMBER OF THE CLASS** | This is the only way to get a payment. If you wish to be eligible to obtain a payment as a Class Member, you will need to file a Claim Form (which is included with this Notice) postmarked no later than [INSERT]. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN [INSERT].** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against any of the Defendants or other Released Parties concerning the claims that were, or could have been, asserted in this case. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING WRITTEN OBJECTIONS SO THAT THEY ARE *RECEIVED* NO LATER THAN [INSERT].** | Write to the Court and explain why you do not like the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses. You cannot object to the Settlement unless you are a Class Member and do not exclude yourself. |
| **GO TO THE HEARING ON [INSERT] AT [INSERT], AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN [INSERT].** | Ask to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of expenses. |
| **DO NOTHING** | Get no payment. Remain a Class Member. Give up your rights. |

| WHAT THIS NOTICE CONTAINS | |
|---|---|

| | |
|---|---|
| Why Did I Get This Notice? | Page |
| What Is This Case About? What Has Happened So Far? | Page |
| How Do I Know If I Am Affected By The Settlement? | Page |
| What Are The Lead Plaintiff's Reasons For The Settlement? | Page |

What Might Happen If There Were No Settlement?                                          Page

How Much Will My Payment Be?                                                            Page

What Rights Am I Giving Up By Agreeing To The Settlement?                               Page

What Payment Are The Attorneys For The Class Seeking? How Will The Lawyers Be Paid?     Page

How Do I Participate In The Settlement? What Do I Need To Do?                            Page

What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?          Page

When And Where Will The Court Decide Whether To Approve The Settlement?
   Do I Have To Come To The Hearing? May I Speak At The Hearing If I
   Don't Like The Settlement?                                                           Page

What If I Bought Shares On Someone Else's Behalf?                                       Page

Can I See The Court File? Whom Should I Contact If I Have Questions?                    Page

---

### WHY DID I GET THIS NOTICE?

6.    This Notice is being sent to you pursuant to an Order of the United States District Court for the Southern District of New York (the "Court") because you or someone in your family may have purchased or otherwise acquired Bristol-Myers common stock during the Class Period. The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement of this case. Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights. If the Court approves the Settlement, a claims administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

7.    In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members. In this Consolidated Action, the Court has appointed Ontario Teachers' Pension Plan Board to serve as "Lead Plaintiff" under a federal law governing lawsuits such as this one, and approved Lead Plaintiff's selection of the law firm of Bernstein Litowitz Berger & Grossmann LLP ("Lead Counsel") to serve as Lead Counsel in the Consolidated Action. Lead Plaintiff Ontario Teachers' Pension Plan Board and named plaintiff Minneapolis Firefighters' Relief Association are the Class Representatives. A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency. Once the class is certified, the Court must resolve all issues on behalf of the class members, except for any persons who choose to exclude themselves from the class. The Court certified the Class on [INSERT]. (For more information on excluding yourself from the Class, please read "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?," located below.)

8.    The Court in charge of this case is the United States District Court for the Southern District of New York, and the case is known as *In re Bristol-Myers Squibb Co. Securities Litigation.* The Judge presiding over this case is the Honorable Paul A. Crotty, United States District Judge. The people who are suing are called plaintiffs, and those who are being sued are called defendants. In this case, the plaintiff is referred to as the Lead Plaintiff, on behalf of itself and the Class, and Defendants are Bristol-Myers and the Individual Defendants.

9.    This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Class if you wish to do so. It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the fairness and reasonableness of the proposed Plan of Allocation, and the application by Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses (the "Settlement Hearing").

10.    The Settlement Hearing will be held on [INSERT] at [INSERT], before the Honorable Paul A. Crotty, at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 11B, New York, New York 10007 to determine:

      (i)    whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court;

(ii)   whether the Settled Claims against Defendants and the other Released Parties should be dismissed with prejudice as set forth in the Stipulation and Agreement of Settlement (the "Stipulation");

(iii)  whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court; and

(iv)  whether Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved by the Court.

11.    This Notice does not express any opinion by the Court concerning the merits of any claim in the Consolidated Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement, payments to Authorized Claimants will be made after any appeals are resolved, and after the completion of all claims processing. Please be patient.

---

## WHAT IS THIS CASE ABOUT?  WHAT HAS HAPPENED SO FAR?

12.    Beginning on June 20, 2007, two class action complaints were filed for federal securities laws violations challenging the adequacy of Bristol-Myers' public disclosures concerning its attempts to settle patent litigation with generic pharmaceutical drug company Apotex, Inc. ("Apotex") over its patented blood-thinning medication, Plavix. The complaints named as defendants Bristol-Myers, Dolan and Andrew R.J. Bonfield. The complaints allege that Defendants failed to disclose that the Company had agreed to significant limitations on its damages and patent enforcement rights against Apotex if the regulators rejected the settlement between the companies; that regulators had rejected the initial proposed settlement; and that the renegotiated settlement agreement contained certain alleged secret and unlawful oral representations that were not disclosed to investors or regulators. The complaints allege that, when this information was subsequently disclosed, the price of Bristol-Myers common stock fell and investors suffered damages.

13.    In an Order dated September 20, 2007, the Court appointed Ontario Teachers' Pension Plan Board as Lead Plaintiff for the action and approved its selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the Class.

14.    On October 15, 2007, Lead Plaintiff filed its Amended Class Action Complaint (the "Amended Complaint") asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder on behalf of all persons or entities who purchased or acquired Bristol-Myers common stock during the period from after the close of the market on March 21, 2006, through August 8, 2006, inclusive, and suffered damages as a result. The Amended Complaint named as defendants Bristol-Myers, Dolan and Bodnar. The Amended Complaint did not name as a defendant Andrew R.J. Bonfield (who was named in the initial complaints), and the claims against him were dismissed without prejudice on October 18, 2007.

15.    Beginning on November 12, 2007, Defendants filed separate motions to dismiss the Amended Complaint, which motions Lead Plaintiff opposed on December 17, 2007. Following a hearing on March 12, 2008, on August 19, 2008, the Court issued an Opinion and Order denying Defendants' motions to dismiss. Thereafter, Defendants filed their Answers to the Amended Complaint on September 29 and October 6, 2008.

16.    The Parties began discovery in September 2008. Lead Plaintiff issued 52 subpoenas to nonparties; served letters rogatory on Canadian corporation Apotex and its officers; and served document requests on all Defendants. Lead Plaintiff received and reviewed approximately 740,000 pages of documents in response to these subpoenas and requests for documents. Defendant Bristol-Myers also served requests for documents on Lead Plaintiff and named plaintiff Minneapolis Firefighters' Relief Association. Plaintiffs produced approximately 2,000 pages of documents in response to these requests.

17.    On October 22, 2008, the Court held a Pretrial Conference and issued a Civil Case Management Plan and Scheduling Order, including an April 22, 2009 deadline for completion of fact discovery. On January 27, 2009, the Court held another Status Conference, following which the parties submitted and the Court ordered a Revised Scheduling Order, extending the deadlines by sixty days.

18.    On April 16, 2009, Lead Plaintiff and Bristol-Myers, through counsel, participated in a mediation session before Michael D. Young at JAMS in New York City. Although there was no settlement reached at the conclusion of that session, after additional discussions, and with the continued assistance of Michael D. Young, the Parties reached an agreement in principle to settle this action on the terms set forth in the Stipulation. Following the mediation and before entering into the settlement agreement encompassed in the Stipulation, Lead Counsel

conducted additional discovery to confirm the fairness of the Settlement resulting in Lead Plaintiff taking two depositions.

19.    On [INSERT], the Court preliminarily approved the Settlement, authorized this Notice to be sent to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? |
|---|

20.    If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded. The Class consists of all persons and entities who purchased or acquired Bristol-Myers common stock during the period from after the close of the market on March 21, 2006, through August 8, 2006, inclusive, and suffered damages as a result. Excluded from the Class are (i) Defendants; (ii) members of the immediate families of individual defendants Dolan and Bodnar; (iii) any person who was an executive officer or director of Bristol-Myers during the Class Period; (iv) any person, firm, trust, corporation, officer, director, or any other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant; (v) any person who actively participated in the alleged wrongdoing at issue; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. The Class also does not include those persons and entities who timely request exclusion from the Class pursuant to this Notice (*see* "What If I Do Not Want To Participate In The Class And The Settlement? How Do I Exclude Myself?," below).

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE SETTLEMENT, YOU MUST SUBMIT THE ENCLOSED CLAIM FORM POSTMARKED NO LATER THAN [INSERT].**

| WHAT ARE THE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT? |
|---|

21.    Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. Lead Plaintiff and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the difficulties in establishing liability for allegations of fraud. Lead Plaintiff and Lead Counsel have taken into account the possibility that the claims asserted in the Amended Complaint might have been dismissed in response to Defendants' anticipated motions for summary judgment, and have considered issues that would have been decided by a jury in the event of a trial of the Consolidated Action, including whether Defendants acted with an intent to mislead investors, whether the alleged misrepresentations or omissions were material to investors, whether all of the Class Members' losses were caused by the alleged misrepresentations or omissions, and the amount of damages. Lead Plaintiff and Lead Counsel have considered the uncertain outcome and trial and appellate risk in complex lawsuits like this one.

22.    In light of the amount of the Settlement and the immediacy of recovery to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit now, namely $125,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Amended Complaint would produce a similar, smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future. Additionally, the Company has represented that, notwithstanding the fact that it has no continuing legal obligation to maintain its Disclosure Policy and Review Committee ("DPRC") or its Exceptional Circumstance Disclosure Committee ("ECDC"), it intends to maintain in place both the DPRC and the ECDC in the same or similar manner as they presently function and that it has no current plan or intention to discontinue these committees or their roles in the Company's disclosure processes. These committees provide Bristol-Myers with additional disclosure controls. Lead Plaintiff believes that continued use of these committees in the Company's disclosure processes will benefit its shareholders.

23.    Defendants have denied the claims asserted against them in the Amended Complaint and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of Defendants' wrongdoing.

24.    Certain criminal charges were filed  indirectly relating to the allegations in the Amended Complaint. Defendants and Lead Plaintiff do not anticipate any new criminal charges will be brought against any person relating to the matters alleged in the Amended Complaint.  In the event that such charges are brought before the Settlement becomes Final, Lead Plaintiff has the right to terminate the Settlement.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

25.    If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its claims, neither Lead Plaintiff nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses, the members of the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW MUCH WILL MY PAYMENT BE?

### THE PROPOSED PLAN OF ALLOCATION: GENERAL PROVISIONS

26.    Bristol-Myers has agreed to pay or cause to be paid One Hundred and Twenty-Five Million Dollars ($125,000,000) in cash.

27.    After approval of the Settlement by the Court, and upon satisfaction of the other conditions to the Settlement, and upon issuance of a Class Distribution Order, the Net Settlement Fund will be distributed to Authorized Claimants in accordance with the Plan of Allocation.

28.    The Settlement Fund will be distributed as follows:

(i)    to pay all federal, state, and local taxes on any income earned by the Settlement Fund and to pay the reasonable costs incurred in connection with determining the amount of, and paying, taxes owed by the Settlement Fund (including reasonable expenses of tax attorneys and accountants);

(ii)    to pay costs and expenses in connection with providing Notice to Class Members and administering the Settlement on behalf of Class Members;

(iii)    to pay attorneys' fees, with interest on such amount, to the extent allowed by the Court;

(iv)    to pay Litigation Expenses incurred in commencing and prosecuting the Action, with interest on such money, to the extent allowed by the Court; and

(v)    to compensate Authorized Claimants with the balance of the Net Settlement Fund in accordance with the Plan of Allocation, subject to an Order of the Court approving the Settlement and the Plan of Allocation (or such other allocation plan as the Court may approve), and subject to such Order becoming Final (meaning that the time for appeal or appellate review of the Order granting final approval has expired, or, if the Order is appealed, that the appeal is either decided without causing a material change in the Order or is upheld on appeal and is no longer subject to appellate review by further appeal or writ of certiorari).

29.    Only those Class Members who purchased or acquired Bristol-Myers common stock during the Class Period **AND SUFFERED DAMAGES AS A RESULT,** as set forth below, will be eligible to share in the distribution of the Net Settlement Fund. Each person wishing to participate in the distribution must timely submit a valid Claim Form establishing membership in the Class, and including all required documentation, postmarked no later than _____, to the address set forth in the Claim Form that accompanies this Notice. Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form postmarked no later than          shall be forever barred from receiving payments pursuant to the Settlement set forth in the Stipulation but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and releases given.

30.    Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation, or further orders of the Court. Lead Plaintiff, Defendants, their respective counsel, and all other Released Parties shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund, or any losses incurred in connection therewith, except as otherwise provided in the Stipulation.

31.    A "Recognized Loss Amount" will be calculated for each purchase or acquisition of Bristol-Myers common stock during the Class Period, and for which adequate documentation is provided. The calculation of the Recognized Loss Amount will depend upon several factors, including (i) when the Bristol-Myers common stock was purchased or acquired and (ii) whether they were held past the disclosures on July 27, 2006, and/or August 8, 2006, or the conclusion of the 90-day look-back period or, sold during the Class Period or during the 90-day look-back period and, if so, when they were sold. The total of a Claimant's Recognized Loss Amounts shall be the Claimant's "Recognized Claim."

32.    **Information Required on the Claim Form:** Each Claim Form must state and provide sufficient documentation for each Authorized Claimant's position in Bristol-Myers common stock as of the close of the market on March 21, 2006, the beginning of the Class Period, and the closing position in Bristol-Myers common stock as of the close of trading on August 8, 2006, the last day of the Class Period, and on November 3, 2006, the last day of the 90-day look-back period. Each Claim Form also must list and provide sufficient documentation for all transactions in Bristol-Myers common stock as set forth in the Claim Form.

33.    The objective of the Plan of Allocation is to equitably distribute the Settlement proceeds to those Class Members who suffered economic losses as a result of the alleged fraud, as opposed to losses caused by market and industry factors or Company-specific factors not related to the alleged fraud. The Plan of Allocation reflects Lead Plaintiff's damages expert's analysis undertaken to that end, including a review of publicly available information regarding Bristol-Myers and analysis regarding the stock price movements. Lead Plaintiff and Lead Counsel, in consultation with Lead Plaintiff's damages expert, have estimated the alleged artificial inflation in Bristol-Myers common stock during the Class Period, as follows, which fairly and reasonably reflects the relevant risks to recovery from Defendants:

For the period from March 21, 2006, through July 26, 2006: $3.68 per share.
For the period from July 27, 2006, through August 7, 2006: $1.59 per share.
For August 8, 2006: The greater of: (a) purchase price *minus* $21.21 per share, or (b) $0.00 per share.

34.    The Plan of Allocation covers Bristol-Myers common stock only.

35.    The Plan of Allocation generally measures the amount of loss that a Class Member can claim under the Settlement for the purpose of making *pro rata* allocations of the cash in the Net Settlement Fund to Class Members who submit acceptable Claim Forms. Recognized Loss Amounts are based on the level of alleged artificial inflation in the price of Bristol-Myers common stock at the time of purchase or acquisition and at the time of sale or other disposal. In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts between the close of the market on March 21, 2006, through August 8, 2006, which had the effect of artificially inflating the prices of Bristol-Myers common stock. Defendants deny all such allegations.

36.    In order to have recoverable damages, disclosure of the alleged misrepresentations must be the cause of the decline in the price of the security. Alleged corrective disclosures that removed the alleged artificial inflation from the price of Bristol-Myers common stock occurred on July 27, 2006, and August 8, 2006 (the "Corrective Disclosure Dates"). Accordingly, in order to have been damaged by the alleged fraud:

(i) a Bristol-Myers common stock share purchased or otherwise acquired during the Class Period after the close of the market on March 21, 2006, through July 26, 2006, must be held at least until July 27, 2006, the day of the first corrective disclosure; and

(ii) a Bristol-Myers common stock share purchased or otherwise acquired from July 27, 2006, through August 7, 2006, must be held at least until August 8, 2006, the day of the price impact of the second corrective disclosure.

37.    If you did not hold Bristol-Myers common stock to the dates indicated, the Recognized Loss Amount for those shares of Bristol-Myers common stock is $0. The Recognized Loss Amount for those transactions will be calculated as zero because it has been determined that the alleged artificial inflation between each disclosure and arising from the circumstances underlying the allegations of the Amended Complaint was constant, therefore if you purchased and sold only between disclosures any loss suffered is not compensable under the federal securities laws.

## SPECIFIC RECOGNIZED LOSS AMOUNTS

**Bristol-Myers Common Stock Recognized Loss Amounts**

(i)    For shares purchased or acquired between after the close of the market on March 21, 2006, and August 8, 2006, inclusive, and held as of the close of business on August 8, 2006, the Recognized Loss Amount is **the lesser of**:

(a)    the purchase price *minus* the 90-day look-back price on the date of sale as set forth in Table A included below (or the 90-day look-back price on November 3, 2006, if the share security was not sold prior to November 3, 2006); or

(b)    the amount of alleged artificial inflation per share on the date of purchase or acquisition as set forth above.

(ii)    For shares purchased or acquired between after the close of the market on March 21, 2006, and July 26, 2006, inclusive, and sold at a loss between July 27, 2006, and August 8, 2006, inclusive, the Recognized Loss Amount is **the lesser of**:

(a)    the purchase price *minus* sales price; or

(b)    the amount of alleged artificial inflation per share on the date of purchase or acquisition as set forth above *minus* the amount of alleged artificial inflation per share on the date of sale as set forth above.

38.    An Authorized Claimant's Recognized Loss Amounts shall be the basis for his, her, or its allocated *pro rata* portion of the Net Settlement Fund.

## ADDITIONAL PROVISIONS

39.    The Net Settlement Fund will be allocated among all Authorized Claimants.

40.    Each Authorized Claimant shall recover his, her, or its Recognized Claim. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, however, each such Authorized Claimant shall be allocated *pro rata* shares of the Net Settlement Fund based on his, her, or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants.

41.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

42.    A payment to any Authorized Claimant that would amount to less than $10.00 in total will not be included in the calculation of the Net Settlement Fund, and no payment to these Class Members will be distributed.

43.    The amount of a Class Member's Recognized Claim as computed above is not intended to be an estimate of what a Class Member might have been able to recover at trial, and it is not an estimate of the amount that will be paid pursuant to this Settlement. Instead, this computation is only a method to weigh Class Members' claims against

one another. Each Authorized Claimant will receive *pro rata* shares of the Net Settlement Fund based on his, her, or its Recognized Claim.

44.    If a Class Member has more than one purchase/acquisition or sale of Bristol-Myers common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a First-In-First-Out ("FIFO") basis. Class Period sales will be matched first against any Bristol-Myers common stock held at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period. Purchases, acquisitions, and sales of Bristol-Myers common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Bristol-Myers common stock during the Class Period shall not be deemed a purchase, acquisition or sale of these shares of Bristol-Myers common stock for the calculation of an Authorized Claimant's Recognized Claim nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Bristol-Myers common stock shares unless (i) the donor or decedent purchased or acquired such Bristol-Myers common stock shares during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

45.    The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Bristol-Myers common stock. The date of a "short sale" is deemed to be the date of sale of Bristol-Myers common stock shares. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.

46.    To the extent a Claimant had a market gain from his, her, or its overall transactions in Bristol-Myers common stock during the Class Period, the value of the Recognized Claim will be zero. Such Claimants will in any event be bound by the Settlement. To the extent a Claimant suffered an overall market loss on his, her, or its overall transactions in Bristol-Myers common stock during the Class Period, but that market loss was less than the Recognized Claim calculated above, then the Recognized Claim shall be limited to the amount of the actual market loss.

47.    For purposes of determining whether a Claimant had a market gain from his, her, or its overall transactions in Bristol-Myers common stock during the Class Period or suffered a loss, the Claims Administrator shall: (i) total the amount the Claimant paid for all Bristol-Myers common stock purchased/acquired during the Class Period (the "Total Purchase Amount"); (ii) match any sales of Bristol-Myers common stock during the Class Period and sales during the 90-day look-back period first against the Claimant's opening position in Bristol-Myers common stock (the proceeds of those sales will not be considered for purposes of calculating gains or losses); (iii) total the amount received for the remaining sales of Bristol-Myers common stock during the Class Period and during the 90-day look-back period that can be matched against Class Period purchases (the "Sales Proceeds"), and (iv) ascribe a holding price for shares purchased/acquired during the Class Period and still held at the end of the 90-day look-back period, with such holding price being $23.56 per share (the "Holding Value"). The difference between (x) the Total Purchase Amount [(i) above] and (y) the sum of the Sales Proceeds [(iii) above] and the Holding Value [(iv) above] will be deemed a Claimant's market gain or loss on his, her, or its overall transactions in Bristol-Myers common stock during the Class Period.

48.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

49.    The Plan of Allocation set forth herein is the plan that is being proposed by Lead Plaintiff and Lead Counsel to the Court for approval. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. All Orders regarding a modification of the Plan of Allocation will be posted on the settlement website, _____ .

50.    Each Claimant shall be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her or its Claim Form.

51.    Persons and entities that exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

---

### WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

---

52.    If the Settlement is approved, the Court will enter a judgment (the "Judgment").    The Judgment will dismiss with prejudice the claims against the Defendants and will provide that Lead Plaintiff and all other Class Members shall be deemed to have – by operation of the Judgment shall have – fully and finally released, waived, discharged, and dismissed each and every Settled Claim (as defined below), including Unknown Claims (as defined below) against the Released Parties (as defined below).

53.    "Settled Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other member of the Class (a) asserted in the Amended Complaint, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Amended Complaint and that relate to the purchase of Bristol-Myers common stock during the Class Period.   Notwithstanding the foregoing, "Settled Claims" does not include the claims asserted in any derivative action based on similar allegations, including but not limited to the action captioned *Steven W. Sampson, Trustee v. Robinson, et al.*, 07-6890, previously filed in this Court.   Additionally, "Settled Claims" does not include claims relating to the enforcement of the Settlement.

54.    "Released Parties" means Defendants, and any and all of their respective officers, directors, employees, agents and attorneys.

55.    "Unknown Claims" means any and all Settled Claims that Lead Plaintiff or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Parties' Claims (as defined below) that any Released Party does not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement.  With respect to any and all Settled Claims and Released Parties' Claims, upon the Effective Date, the Lead Plaintiff and the Released Parties shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiff and the Released Parties acknowledge, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Claims and Released Parties' Claims was separately bargained for and was a key element of the Settlement.

56.    The Judgment also will provide that Defendants and each of the other Released Parties, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, and assigns shall be deemed to have and by operation of the Judgment shall have  fully, finally, and forever released, waived, discharged and dismissed as against all plaintiffs in the action, and their officers, directors, employees, agents and attorneys, and all other Class Members, any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants ("Released Parties' Claims"). "Released Parties' Claims" does not include claims relating to enforcement of the Settlement.

---

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

---

57.    Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Class, nor has Lead Counsel been reimbursed for its out-of-pocket expenses.  Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 20% of the Settlement Amount, plus interest from the date of funding at the same rate as earned by the Settlement Fund.  At the same time, Lead Counsel also intends to apply for the reimbursement of Litigation Expenses not to exceed $500,000, plus interest from the date of funding at the same rate as earned by the Settlement Fund.  Lead Counsel's overall request for reimbursement of Litigation Expenses may include a request

for an award to Lead Plaintiff and/or named plaintiff Minneapolis Firefighters' Relief Association for reimbursement of their reasonable costs and expenses (including lost wages) directly related to their representation of the Class. The Court will determine the amount of the awards.

---

### HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

---

58.     If you purchased or otherwise acquired Bristol-Myers common stock during the period between after the close of the market on March 21, 2006, through August 18, 2006, inclusive, and you are not excluded by the definition of the Class and you do not elect to exclude yourself from the Class, then you are a Class Member. You will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class. If you are a Class Member, you must submit a Claim Form and supporting documentation to establish your entitlement to share in the Settlement. A Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to request that a Claim Form be mailed to you. The website is _____. You may also request a Claim Form by calling toll-free _____. Copies of the Claim Form can also be downloaded from Lead Counsel's website at www.blbgiaw.com. Those who exclude themselves from the Class, and those who do not submit timely and valid Claim Forms with adequate supporting documentation will not be entitled to share in the Settlement. Please retain all records of your ownership of, or transactions in Bristol-Myers common stock, as they may be needed to document your Claim.

59.     As a Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," below.

60.     If you do not wish to remain a Class Member, you may exclude yourself from the Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Part Of The Class And The Settlement? How Do I Exclude Myself?," below.

61.     If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Class, you may present your objections by following the instructions in the section entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?," below.

---

### WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT?
### HOW DO I EXCLUDE MYSELF?

---

62.     Each Class Member will be bound by all determinations and judgments in this lawsuit, including those concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first-class mail (or its equivalent outside the U.S.), or otherwise delivers a written Request for Exclusion from the Class, addressed to *In re Bristol-Myers Squibb Co. Securities Litigation* - EXCLUSIONS, - c/o The Garden City Group, Inc., _____. The exclusion request must be *received* no later than [INSERT]. You will not be able to exclude yourself from the Class after that date. Each Request for Exclusion must (i) state the name and address of the person or entity requesting exclusion; (ii) state that such person or entity "requests exclusion from the Class in *In re Bristol-Myers Squibb Co. Securities Litigation*, 07-CV-5867 (PAC)"; (iii) be signed by the person or entity requesting exclusion; (iv) provide a telephone number for that person or entity; and (v) provide the date(s), price(s), and number(s) of shares of all purchases, acquisitions, and sales of Bristol-Myers common stock during the Class Period. Requests for exclusion will not be valid if they do not include the information set forth above and are not received within the time stated above, unless the Court otherwise determines.

63.     If you do not want to be part of the Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Settled Claims.

64.     If a person or entity requests to be excluded from the Class, that person or entity will not receive any benefit provided for in the settlement.

*G.+ hire lettr*

65.    Bristol-Myers may on behalf of all Defendants terminate the Settlement if requests for exclusion are received from potential Class Members whose allegedly damaged shares of Bristol-Myers common stock, in the aggregate, exceed an amount stated in a Supplemental Agreement.

---

WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?
DO I HAVE TO COME TO THE HEARING?
MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

---

66.    **If you do not wish to object in person to the proposed Settlement, proposed Plan of Allocation, and/or the application for attorneys' fees and reimbursement of Litigation Expenses, you do not need to attend the Settlement Hearing. You can object to or participate in the Settlement without attending the Settlement Hearing.**

67.    The Settlement Hearing will be held on [INSERT] before the Honorable Paul A. Crotty, at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 11B, New York, NY 10007. The Court reserves the right to approve the Settlement, the Plan of Allocation or the request for attorneys' fees and reimbursement of Litigation Expenses at or after the Settlement Hearing without further notice to the members of the Class.

68.    Any Class Member who does not submit a valid exclusion that is *received* no later than [INSERT] may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections or oppositions must be in writing. You must file any written objection or opposition, together with copies of all other papers (including proof of all purchases or acquisitions of Bristol-Myers common stock during the Class Period) and briefs, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before [INSERT]. You must also serve the papers on Lead Counsel for the Class at the address set forth below so that the papers are *received* on or before [INSERT].

**Clerk's Office**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
Clerk of the Court
500 Pearl Street
New York, NY 10007-1312

**Lead Counsel for the Class**

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
Salvatore J. Graziano, Esq.
1285 Avenue of the Americas
New York, NY 10019

**Counsel for Bristol-Myers**

DEBEVOISE & PLIMPTON LLP
Sean Hecker, Esq.
919 Third Avenue
New York, NY 10022

69.    The filing must demonstrate your membership in the Class, including the number of shares of Bristol-Myers common stock purchased or otherwise acquired or sold during the Class Period and the price(s) paid and received. You may not object to the Settlement or any aspect of it, if you are not a Class Member or if you excluded yourself from the Class.

70.    You may file a written objection without having to appear at the Settlement Hearing. You may not appear at the Settlement Hearing to present your objection, however, unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

71.    If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses, and if you have filed and served a timely written objection as described above, you also must notify the above counsel on or

before [INSERT] concerning your intention to appear. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

72.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. If you decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received on or before [INSERT].

73.    The Settlement Hearing may be adjourned by the Court without further written notice to the Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses. Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES ON SOMEONE ELSE'S BEHALF?

74.    If you purchased or otherwise acquired Bristol-Myers common stock during the Class Period for the beneficial interest of a person or organization other than yourself, you must either (i) send a copy of this Notice to the beneficial owner of such Bristol-Myers common stock, postmarked no later than fourteen (14) days after you receive this Notice, or (ii) provide the names and addresses of such persons no later than fourteen (14) days after you receive this Notice to *In re Bristol-Myers Squibb Co. Securities Litigation*, c/o The Garden City Group, Inc., _____. If you choose the first option, upon such mailing, you must send a statement to the Claims Administrator confirming that the mailing was made as directed, and you must retain the list of names and addresses for use in connection with any possible future notice to the Class. If you choose the second option, the Claims Administrator will send a copy of the Notice to the beneficial owner. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice may also be obtained from the Claims Administrator's website _____, or by calling toll-free _____, may be downloaded from the settlement website, _____, or from Lead Counsel's website, www.blbglaw.com.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

75.    This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Consolidated Action is available at _____, including, among other documents, copies of the Stipulation, Claim Form, the Amended Complaint, the Court's Order on the Defendants' motions to dismiss the Consolidated Action and the Answers of Defendants. Copies of the Court-filed documents are also available for review during regular business hours at the address listed above. All inquiries concerning this Notice or the Claim Form should be directed to:

|  |  |  |
|---|---|---|
| *In re Bristol-Myers Squibb Co. Securities Litigation* | | Salvatore J. Graziano, Esq. |
| ℅ The Garden City Group, Inc. | OR | BERNSTEIN LITOWITZ BERGER |
| [INSERT] | | & GROSSMANN LLP |
| | | 1285 Avenue of the Americas |
| | | New York, NY 10019 |
| | | (800) 380-8496 |
| | | blbg@blbglaw.com |
| | | **Lead Counsel** |

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: _____

By Order of the Clerk of Court
United States District Court
for the Southern District of
New York

#392123.4

14

TABLE A

| Date | Closing Price | 90-Day Lookback Price Per Share |
|------|------|------|
| 08/08/06 | $21.21 | $21.21 |
| 08/09/06 | $21.12 | $21.17 |
| 08/10/06 | $20.83 | $21.05 |
| 08/11/06 | $20.24 | $20.85 |
| 08/14/06 | $20.41 | $20.76 |
| 08/15/06 | $20.79 | $20.77 |
| 08/16/06 | $21.08 | $20.81 |
| 08/17/06 | $21.48 | $20.90 |
| 08/18/06 | $21.64 | $20.98 |
| 08/21/06 | $21.55 | $21.04 |
| 08/22/06 | $21.84 | $21.11 |
| 08/23/06 | $21.63 | $21.15 |
| 08/24/06 | $21.64 | $21.19 |
| 08/25/06 | $21.68 | $21.22 |
| 08/28/06 | $21.72 | $21.26 |
| 08/29/06 | $21.93 | $21.30 |
| 08/30/06 | $21.98 | $21.34 |
| 08/31/06 | $21.75 | $21.36 |
| 09/01/06 | $22.95 | $21.45 |
| 09/05/06 | $22.78 | $21.51 |
| 09/06/06 | $22.63 | $21.57 |
| 09/07/06 | $22.71 | $21.62 |
| 09/08/06 | $23.18 | $21.69 |
| 09/11/06 | $23.39 | $21.76 |
| 09/12/06 | $24.32 | $21.86 |
| 09/13/06 | $24.81 | $21.97 |
| 09/14/06 | $24.68 | $22.07 |
| 09/15/06 | $24.92 | $22.17 |
| 09/18/06 | $24.88 | $22.27 |
| 09/19/06 | $24.71 | $22.35 |
| 09/20/06 | $24.89 | $22.43 |
| 09/21/06 | $24.71 | $22.50 |
| 09/22/06 | $25.06 | $22.58 |
| 09/25/06 | $25.07 | $22.65 |
| 09/26/06 | $25.10 | $22.72 |
| 09/27/06 | $25.00 | $22.79 |
| 09/28/06 | $24.85 | $22.84 |
| 09/29/06 | $24.92 | $22.90 |
| 10/02/06 | $24.68 | $22.94 |
| 10/03/06 | $24.82 | $22.99 |
| 10/04/06 | $24.62 | $23.03 |
| 10/05/06 | $24.52 | $23.06 |
| 10/06/06 | $24.42 | $23.10 |
| 10/09/06 | $24.38 | $23.13 |
| 10/10/06 | $24.49 | $23.16 |
| 10/11/06 | $24.30 | $23.18 |
| 10/12/06 | $24.60 | $23.21 |
| 10/13/06 | $24.55 | $23.24 |
| 10/16/06 | $24.52 | $23.26 |
| 10/17/06 | $24.46 | $23.29 |
| 10/18/06 | $24.73 | $23.32 |
| 10/19/06 | $24.65 | $23.34 |
| 10/20/06 | $24.49 | $23.36 |
| 10/23/06 | $24.57 | $23.39 |
| 10/24/06 | $24.75 | $23.41 |
| 10/25/06 | $24.66 | $23.43 |
| 10/26/06 | $24.53 | $23.45 |
| 10/27/06 | $24.69 | $23.47 |
| 10/30/06 | $24.33 | $23.49 |
| 10/31/06 | $24.75 | $23.51 |
| 11/01/06 | $24.62 | $23.53 |
| 11/02/06 | $24.47 | $23.54 |
| 11/03/06 | $24.53 | $23.56 |

# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  | File No. 07-CV-5867 (PAC) |
|---|---|
| IN RE BRISTOL-MYERS SQUIBB CO. SECURITIES LITIGATION | |

## PROOF OF CLAIM AND RELEASE

*DEADLINE FOR SUBMISSION* _____.

### GENERAL INSTRUCTIONS

1.    It is important that you completely read and understand the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Proof of Claim and Release ("Proof of Claim"), and the Plan of Allocation included in the Notice. The Notice and the Plan of Allocation describe the proposed Settlement that will resolve this Consolidated Action, how the Class Members are affected by the Settlement, and the manner in which the Settlement Fund will be distributed, if the Court approves the Settlement and the Plan of Allocation. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Proof of Claim. By signing and submitting the Proof of Claim, you will be certifying that you have read and that you understand the Notice.

2.    TO PARTICIPATE IN THE SETTLEMENT, YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE, BY FIRST-CLASS MAIL POSTAGE PREPAID, POSTMARKED ON OR BEFORE _____, ADDRESSED TO:

*In re Bristol-Myers Squibb Co. Securities Litigation*
c/o **The Garden City Group, Inc.**
**P.O. Box _____**
_____, _____
**1-800-___-____**

3.    This Proof of Claim is directed to all persons who purchased or otherwise acquired Bristol-Myers common stock between after the close of the market on March 21, 2006, through August 8, 2006, inclusive (the "Class Period"), and suffered damages as a result (the "Class").

4.    "Class Member" means any person who is included in the definition of the Class and who did not timely submit a proper request for exclusion in accordance with the

requirements set forth in the Notice. Excluded from the Class are (i) Defendants; (ii) members of the immediate families of individual defendants Dolan and Bodnar; (iii) any person who was an executive officer or director of Bristol-Myers during the Class Period; (iv) any person, firm, trust, corporation, officer, director, or any other individual or entity in which any Defendant has a controlling interest or which is related to or affiliated with any Defendant; (v) any person who actively participated in the alleged wrongdoing at issue; and (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Class are any persons who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice.

5.    "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim Form to the Claims Administrator, in accordance with the requirements established by the Court, that is approved for payment from the Net Settlement Fund.

6.    IF YOU ARE NOT A CLASS MEMBER, OR IF YOU, OR SOMEONE ACTING ON YOUR BEHALF, FILED A REQUEST FOR EXCLUSION FROM THE CLASS, DO NOT SUBMIT A PROOF OF CLAIM. YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT IF YOU ARE NOT A CLASS MEMBER. THUS, IF YOU FILE A VALID REQUEST FOR EXCLUSION IN A TIMELY MANNER, ANY PROOF OF CLAIM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

7.    To recover as a Class Member, you must complete and sign this Proof of Claim and mail it to the Claims Administrator postmarked on or before _____ _____. If you fail to file a timely, properly addressed, and completed Proof of Claim, your claim may be rejected, and you may be precluded from receiving any distribution from the Net Settlement Fund.

8.    Submission of this Proof of Claim does not ensure that you will share in the Net Settlement Fund. Distributions from the Net Settlement Fund are governed by the Plan of Allocation approved by the Court. The proposed Plan of Allocation, which is subject to the Court's approval, is included in the Notice.

9.    If you have questions concerning the Proof of Claim, or need additional copies of the Proof of Claim or the Notice, you may contact the Claims Administrator, The Garden City Group, Inc., at the above address or by toll-free phone at (800) ___-____, or you may download the documents from Lead Counsel's website, www.blbglaw.com or the website maintained by the Claims Administrator for this Settlement, www._____.

10.    If you are a Class Member and you do not, or someone acting on your behalf does not, submit a timely request for exclusion from the Class, and if the Court approves the Settlement, you will be bound by the terms of any orders and judgments that the Court enters. You will be bound by such orders and judgments whether or not you submit a Proof of Claim.

11.    You are required to submit genuine and sufficient documentation for all your **purchases and sales** of Bristol-Myers common stock after the close of the market on March 21, 2006, through and including August 8, 2006, as well as genuine and sufficient documentation for

2

all **sales** of Bristol-Myers common stock between August 9, 2006 through and including November 3, 2006 (the 90-day look-back period). You are also required to submit genuine and sufficient documentation reflecting your positions in Bristol-Myers common stock as of the close of the market on the following days: March 21, 2006, August 8, 2006, and November 3, 2006. Documentation may be photocopies of stockbrokers' confirmation slips or stockbrokers' monthly statements (reflecting your opening and closing balances for the months specified on the actual claim form, and in which transactions during the Class Period occurred). IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OR EQUIVALENT CONTEMPORANEOUS DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL STOCK CERTIFICATES.

12.      All joint purchasers must each sign this Proof of Claim.

13.      Agents, executors, administrators, guardians, and trustees must complete and sign the Proof of Claim on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Bristol-Myers common stock; and

(c)      furnish herewith evidence of their authority to bind to the Proof of Claim the person or entity on whose behalf they are acting. (Authority to complete and sign a Proof of Claim cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade stock in another person's accounts.)

14.      By submitting a signed Proof of Claim, you will be swearing that you:

(a)      own(ed) the Bristol-Myers common stock you have listed in the Proof of Claim; or

(b)      are expressly authorized to act on behalf of the owner thereof.

15.      By submitting a signed Proof of Claim, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

NOTICE REGARDING ELECTRONIC FILES:    Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions, whether or not they also submit electronic copies. If you wish to file

your claim electronically, you must contact the Claims Administrator at 1-800-___-____, or visit its website www._____.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written paper acknowledgment of receipt and acceptance of electronically submitted data.

## *In re Bristol-Myers Squibb Co. Securities Litigation*

## PART I: CLAIMANT IDENTIFICATION

_____ / _____
Beneficial Owner's Name (First, Middle, Last)     / Joint Owner's Name

_____
Street Address

_____     _____
City                                State          Zip Code

_____            _____ (Daytime)
Area Code                          Telephone Number

_____            _____ (Evening)
Area Code                          Telephone Number

_____            _____
Social Security Number     or      Taxpayer Identification Number

_____
Record Owner's Name (if different from beneficial owner listed above)

Check appropriate box (check only one box):

| | | | |
|---|---|---|---|
| ☐ Individual/Sole Proprietor | ☐ Joint Owners | ☐ Pension Plan | |
| ☐ Corporation | ☐ Partnership | ☐ Trust | |
| ☐ IRA | ☐ Other (describe:_____) | | |

**NOTE:** Separate Proofs of Claim should be submitted for each separate legal entity (*e.g.*, a claim from Joint Owners should not include separate transactions of just one of the Joint Owners; an Individual should not combine his or her IRA transactions with transactions made solely in the Individual's name). Conversely, a single Proof of Claim submitted on behalf of one legal entity should include all transactions made by that entity, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in Bristol-Myers common stock during the Class Period on one Proof of Claim, no matter how many accounts the transactions were made in). If you require additional room to list your transactions, please be sure to include your full name and the last four digits of your social security number or Tax ID number on each additional sheet. Check here if additional transactions are included on additional schedules. _____.

## PART II: BRISTOL-MYERS COMMON STOCK

**A.    Beginning Holdings:** State the number of shares of Bristol-Myers common stock the Claimant owned at the close of the market on March 21, 2006. If none, write "zero" or "0." If other than zero, be sure to attach the required documentation.    _____

**B.    Purchases:** (i) List all purchases of Bristol-Myers common stock made during the period **after the close of the market on March 21, 2006,** through and including **August 8, 2006.** (NOTE: If you acquired your Bristol-Myers common stock during this period other than by an open-market purchase, please provide a complete description of the terms of the acquisition on a separate page.) Be sure to attach the required documentation.

| Trade Date(s) (List Chronologically) Month/Day/Year | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price* |
|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |

*excluding commissions, transfer taxes or other fees.

(ii)   State the total number of shares of Bristol-Myers common stock the Claimant purchased during the period **between August 9, 2006 through and including November 3, 2006.** If none, write "zero" or "0." (NOTE: These purchases, which are not in the Class Period, are not included in the calculation of Recognized Loss Amounts. This information is needed by the Claims Administrator for purposes of the overall evaluation of your Claim.)

_____

**C.    Sales:** List all sales of Bristol-Myers common stock made during the period **after the close of the market on March 21, 2006,** through and including **November 3, 2006.** Be sure to attach the required documentation.

| Trade Date(s) (List Chronologically) Month/Day/Year | Number of Shares Sold | Sales Price Per Share | Total Sales Price* |
|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |

*excluding commissions, transfer taxes or other fees

**D.    Unsold Holdings:** State the total number of shares of Bristol-Myers common stock the Claimant owned at the close of the market on November 3, 2006. If none, write "zero" or "0." If other than zero, be sure to attach the required documentation.    _____

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS IN THIS SECURITY PLEASE PHOTOCOPY THIS PAGE, WRITE YOUR NAME ON THE COPY AND CHECK THIS BOX** ☐

**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES MAY <u>NOT</u> BE REVIEWED**

**YOU MUST READ THE FOLLOWING RELEASE AND SIGN ON PAGE __.**

## RELEASE OF CLAIMS

### Definitions

Defined terms not already defined herein have the following meanings. (Other defined terms have the meanings given them in the Stipulation and Agreement of Settlement dated July 21, 2009 (the "Stipulation").

"Settled Claims" means any and all claims and causes of action of every nature and description, whether known or Unknown, whether arising under federal, state, common or foreign law, that Lead Plaintiff or any other member of the Class (a) asserted in the Amended Complaint, or (b) could have asserted in any forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Amended Complaint and that relate to the purchase of Bristol-Myers common stock during the Class Period. Notwithstanding the foregoing, "Settled Claims" does not include the claims asserted in any derivative action based on similar allegations, including but not limited to the action captioned *Steven W. Sampson, Trustee v. Robinson*, 07-6890 (S.D.N.Y.). Additionally, "Settled Claims" does not include claims relating to the enforcement of the Settlement.

"Released Parties" means Defendants (Bristol-Myers, Peter R. Dolan and Andrew G. Bodnar), and any and all of their respective officers, directors, employees, agents and attorneys.

### The Release

I (we) understand and acknowledge that, without further action by anyone, on and after entry of the Final Judgment and Order of Dismissal, each Class Member, *including Class Members who have pending or later initiate any other actions, arbitrations, or other proceedings against any of the Released Parties relating to the Settled Claims that are pending when the Final Judgment is entered*, on behalf of themselves, their heirs, executors, administrators, successors, assigns, and any person they represent, for good and sufficient consideration, the receipt and adequacy of which are hereby acknowledged, shall be deemed to have, and by operation of law and of the Final Judgment and Order of Dismissal shall have fully, finally, and forever released relinquished, settled, and discharged all Settled Claims against each and every one of the Released Parties, including such Settled Claims as already may have been asserted in any pending actions, arbitrations, or other proceedings, whether or not a Proof of Claim is executed and delivered by, or on behalf of, such Class Member.

## SIGNATURE AND CERTIFICATIONS

By signing and submitting this Proof of Claim, the Claimant or the person who represents the Claimant certifies, as follows:

1.  that the Claimant is a Class Member, as defined in the Notice;

2.  that I (we) have read and understand the contents of the Notice and the Proof of Claim;

8

3.  that I (we) are not acting for any of the Defendants, nor am I (are we) such a Defendant or otherwise excluded from the Class;

4.  that I (we) have not filed a request for exclusion from the Class and that I (we) do not know of any request for exclusion from the Class filed on my (our) behalf with respect to my (our) transactions in Bristol-Myers common stock;

5.  that I (we) own(ed) the Bristol-Myers common stock identified in the Proof of Claim, or that, in signing and submitting this Proof of Claim, I (we) have the authority to act on behalf of the owner(s) thereof;

6.  that Claimant may be entitled to receive a distribution from the Net Settlement Fund;

7.  that Claimant desires to participate in the Settlement described in the Notice and agrees to the terms and conditions thereof;

8.  that I (we) submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of investigation and discovery under the Federal Rules of Civil Procedure with respect to this Proof of Claim;

9.  that I (we) agree to furnish such additional information with respect to this Proof of Claim as the parties, the Claims Administrator or the Court may require;

10. that I (we) waive trial by jury, to the extent it exists, and agree to the Court's summary disposition of the determination of the validity or amount of the claim made by this Proof of Claim; and

11. that I (we) certify that I am (we are) not subject to backup withholding under the provisions of Section 3406(a)(1)(c) of the Internal Revenue Code.

**NOTE**: If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike the language that you are not subject to backup withholding in the certification above. The Internal Revenue Service does not require your consent to any provision other than the certification required to avoid backup withholding.

I declare, under penalty of perjury under the laws of the United States of America, that the statements made and answers given in this Proof of Claim are true and correct and that the documents submitted herewith are true and genuine.

_____

Signature of Claimant

_____    _____

Print Name of Claimant                                        Date

_____

Signature of Joint Claimant, if any

_____    _____

Print Name of Joint Claimant                                 Date

*If Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of Person Completing Form

_____    _____

Print Name of Person Completing Form                    Date

_____

Capacity of Person Signing (Executor, President, Trustee, etc.)

## REMINDER CHECKLIST

1. Please sign the Proof of Claim on page __.

2. If this Claim is being made on behalf of Joint Claimants, then both must sign.

3. Please remember to attach supporting documents. These must include documentation of: (a) all opening and closing balances, as set forth in the specific sections of the Claim Form; and (b) all **purchases and sales** of Bristol-Myers common stock after the close of the market on March 21, 2006 through and including August 8, 2006, and all **sales** of Bristol-Myers common stock between August 9, 2006 through and including November 3, 2006, as set forth in the specific sections of the Claim Form.

4. If you move, please send your new address to:

   *In re Bristol-Myers Squibb Co. Securities Litigation*
   *c/o***The Garden City Group, Inc.**
   **P.O. Box** _____
   _____, _____
   **1-800-___-___**

5. **DO NOT SEND** ORIGINALS OF ANY SUPPORTING DOCUMENTS.

6. Keep a copy of your Proof of Claim and all documentation submitted for your records.

7. **The Claims Administrator will acknowledge receipt of your Proof of Claim by mail within 60 days. Your Proof of Claim is not deemed fully filed until you receive an acknowledgement postcard. If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (800) ___-___.**

## ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.

### THANK YOU FOR YOUR PATIENCE

11

# Exhibit 3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

IN RE BRISTOL-MYERS SQUIBB CO.
SECURITIES LITIGATION

File No. 07-CV-5867 (PAC)

### SUMMARY NOTICE

**TO: ALL PERSONS AND ENTITIES WHO PURCHASED OR ACQUIRED BRISTOL-MYERS COMMON STOCK BETWEEN THE CLOSE OF THE MARKET ON MARCH 21, 2006, THROUGH AUGUST 8, 2006, INCLUSIVE:**

YOU ARE HEREBY NOTIFIED that the above-captioned action has been certified as a class action, and that the Lead Plaintiff, on behalf of itself and the Class, has reached a proposed settlement with Bristol-Myers Squibb Company ("Bristol-Myers"), Peter R. Dolan and Andrew G. Bodnar (collectively, "Defendants"), for $125 million. A hearing will be held before the Honorable Paul A. Crotty at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 11B, New York, New York 10007 at ____ on _____, 2009, to determine: (1) whether the proposed Settlement should be approved by the Court as fair, reasonable, and adequate; (2) whether the Plan of Allocation is fair and reasonable and therefore should be approved in connection with this Settlement; and (3) whether the application of Lead Counsel for attorneys' fees and Litigation Expenses should be approved.

IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT, AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND. If you have not yet received the (1) Notice Of Pendency Of Class Action And Proposed Settlement, Settlement Fairness Hearing, and Motion For Attorneys' Fees And Reimbursement Of Litigation Expenses ("Notice"); and (2) Proof of Claim Form ("Claim Form"), you may

obtain copies of these documents by contacting: *In re Bristol-Myers Squibb Co. Securities Litigation*, c/o The Garden City Group, Inc. Copies of the Notice and Claim Form may also be downloaded from: www.blbglaw.com or at www._____.com. If you are a Class Member, in order to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form no later than _____, establishing that you are entitled to a recovery. You will be bound by any judgment entered in the Consolidated Action whether or not you make a Claim.

If you desire to be excluded from the Class, you must submit a request for exclusion such that it is *received* no later than _____, in the manner and form explained in the Notice. All Class Members who do not request exclusion from the Class will be bound by any judgment entered in the Consolidated Action.

Any objection to the proposed Settlement, Plan of Allocation or application for attorneys' fees and payment of Litigation Expenses must be filed with the Court and delivered to counsel for the parties such that it is *received* no later than _____, in the manner and form set forth in the Notice.

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.** Inquiries, other than requests for the Notice and Claim Form, may be made to Lead Counsel:

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**
Salvatore J. Graziano
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554-1400

Dated: _____ _____, 2009

By Order of the Clerk of the Court
United States District Court
for the Southern District of New York

_____

392171.4