# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE BRISTOL-MYERS SQUIBB CO.
SECURITIES LITIGATION

File No. 07-CV-5867 (PAC)

### DECLARATION OF MICHAEL D. YOUNG

I, Michael D. Young, declare as follows:

1.  I was selected by the parties to serve as the mediator for this case. I make this declaration based on personal knowledge and am competent to testify to the matters set forth herein.

2.  I have been a full-time mediator with JAMS since 1989. I have conducted over 1,250 complex or multi-party mediations and arbitrations in over thirty states and abroad, including numerous securities class actions involving fraud claims for alleged misrepresentations by executives of public companies. I have also been appointed as a mediator or special master (for discovery management or settlement implementation purposes) by various federal, state and bankruptcy courts.

3.  As discussed below, the settlement represents the result of an arms' length negotiation by very informed counsel and, based on my own knowledge and evaluation of the merits of the claims and defenses, a very reasonable outcome for all parties involved.

4.  The mediation session took place on April 16, 2009 at JAMS's offices in New York. The mediation was attended by a representative of the Lead Plaintiff, Senior Legal Counsel Jeffrey Davis, and also by a senior in-house attorney for Bristol-Myers. The parties were also represented by members of their respective law firms: Bernstein Litowitz Berger &

Grossmann LLP for Lead Plaintiff and Debevoise & Plimpton LLP for Bristol-Myers. In connection with the mediation session, the parties exchanged lengthy and detailed mediation statements. In addition to those written submissions, counsel for the parties made substantive presentations to me regarding various aspects of the case. These presentations included detailed discussions of the evidence elicited through discovery.

5. The advocacy that I witnessed at these mediation sessions by counsel for all parties was of the highest caliber. I was also impressed by the deep involvement of the Lead Plaintiff's representative in overseeing the prosecution of the case, and his commitment to that obligation, as well as the close involvement in Bristol-Myers' in-house counsel in defending the case.

6. At this mediation session, I engaged in numerous discussions with each party. I made many approaches to both sides in an effort to find or create common ground between the parties' respective positions. While progress was made in narrowing the gap between the parties, it became clear by the end of the day it still was simply too wide to bridge at that time despite my best efforts.

7. Although a settlement was not achieved at the April 16, 2009 mediation, I continued in the following days and weeks to try to put together a settlement between the parties. After innumerable discussions with both sides, on May 4, 2009, the parties finally agreed in principle to settle the claims for $125 million in cash subject to confirmatory discovery.

8. During the mediation process, we discussed and as mediator I stressed the many significant risks that the plaintiffs were facing here, including:

- the risk that Defendants would prevail in establishing their affirmative defense of reliance on counsel;

2

- the risk of a ruling on summary judgment that could have ended or seriously curtailed the plaintiffs' case;

- the risk that the complex fraud alleged would not be readily understood by or compelling to a jury; and

- the risk that, even if liability was established, a jury would not award significant damages.

9. In sum, from my involvement as the mediator for the case, I observed first hand that this was a hard-fought litigation and negotiation process. The advocacy on both sides of the case was outstanding. It is clear to me that the class could not have obtained $125 million without an institutional investor serving as Lead Plaintiff or without Lead Counsel who was able to go toe-to-toe with the top notch defense lawyers involved and the savvy and sophisticated representative of Bristol-Myers – all of whom displayed the highest level of professionalism in carrying out their duties on behalf of their respective clients. The settlement here was the product of extensive arms-length negotiations and litigation.

I declare, under penalty of perjury, that the foregoing facts are true and correct.

*Michael Young*        *Michael Young /RHG*
                      Michael D. Young

Executed this 13 day of November, 2009

3