# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BRISTOL-MYERS SQUIBB CO. SECURITIES LITIGATION | File No. 07-CV-5867 (PAC) |

**DECLARATION OF JEFFREY DAVIS, SENIOR LEGAL COUNSEL, INVESTMENTS, FOR THE ONTARIO TEACHERS' PENSION PLAN BOARD, IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT, PLAN OF ALLOCATION AND AWARDS TO COUNSEL OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

I, Jeffrey Davis, Senior Legal Counsel, Investments, for the Ontario Teachers' Pension Plan Board ("Ontario Teachers" or the "Fund"), declare as follows:

1. I am a duly authorized representative of Ontario Teachers, the Court-appointed lead plaintiff (the "Lead Plaintiff") in this securities class action (the "Action"). I submit this declaration in support of Lead Plaintiff's application for (a) approval of the proposed settlement of this Action (the "Settlement"); (b) approval of the proposed plan of allocation (the "Plan of Allocation"); and (c) an award of attorneys' fees and reimbursement of litigation expenses. I have personal knowledge of matters related to Ontario Teachers, and of the other matters set forth in this declaration, having been directly involved in its prosecution, mediation and settlement, and I could and would testify competently thereto.[1]

**Background**

**Ontario Teachers**

2. Lead Plaintiff, Ontario Teachers, is a public pension fund organized to provide retirement, disability and survivor benefit programs to active and retired elementary and

---

[1] Prior to my direct involvement in the Action, Michael Padfield monitored and participated in the Action on behalf of Ontario Teachers from inception until January 2009. Mr. Padfield informed me of the history and status of the litigation when I assumed responsibility for the Action.

secondary school teachers throughout the Province of Ontario, Canada. The Fund is located in Toronto, Ontario and, as of December 31, 2008, had net assets exceeding C$87 billion under management, making Ontario Teachers, according to published sources, one of the largest public pension funds in the world. On September 20, 2007, this Court appointed Ontario Teachers as Lead Plaintiff for this litigation.

3. Ontario Teachers, through the active and continuous involvement of its Senior Legal Counsel, Mr. Michael Padfield and myself, monitor its activities in the securities class actions in which it has been appointed to serve as lead plaintiff. I, and Mr. Padfield before me, have had regular communications with Bernstein Litowitz Berger & Grossmann LLP ("BLB&G"), the Court-appointed Lead Counsel for the Class, concerning the prosecution, mediation, and settlement of this case. Mr. Padfield or I generally spoke with counsel throughout the litigation and when important decisions needed to be made. When necessary, Mr. Padfield and I briefed executives at Ontario Teachers on the status of the Action.

4. Ontario Teachers is highly familiar with securities class action litigation in the United States, as it also has served as court-appointed lead plaintiff in securities class actions involving Washington Mutual, Inc., Biovail Corporation, The Williams Companies, Inc., Cable & Wireless plc, and Nortel Networks Corporation. Based on its active participation in the prosecution of this Action and its other experiences as a lead plaintiff, Ontario Teachers was able to capably oversee the prosecution of this case as well as the ultimate settlement of the Action.

5. During the Class Period, Ontario Teachers purchased 1,350,800 shares of Bristol-Myers Squibb Company ("Bristol-Myers") common stock on the open market, spending over $33 million in net funds (i.e., funds spent to purchase Bristol-Myers stock in excess of funds received on sales of Bristol-Myers stock). Ontario Teachers suffered substantial losses as a

2

result of the fraud alleged in this Action. Therefore, among other reasons, Ontario Teachers was highly motivated – and viewed it as its duty working with Lead Counsel – to see to it that the recovery was maximized to the greatest extent possible in light of the risks and circumstances of the case.

6.  Prior to seeking appointment as Lead Plaintiff in this Action, Ontario Teachers, through Mr. Padfield or me, communicated with attorneys from BLB&G to evaluate the circumstances concerning Bristol-Myers. We had telephone conversations, meetings, and corresponded with BLB&G partners to evaluate the significant considerations relevant to deciding on an appropriate course of action for Ontario Teachers. In particular, Ontario Teachers considered, internally and with BLB&G, among other things, (a) the amount of the losses it sustained on its Class Period purchases of Bristol-Myers common stock; (b) Bristol-Myers's alleged fraudulent conduct; and (c) the legal and procedural issues involved in prosecuting the Action. While Ontario Teachers will generally have an agreed-upon arrangement with counsel concerning fees, we, along with BLB&G, determined not to have such an arrangement here because of the case's high risks with regard to liability and damages.

**Ontario Teachers Extensively Participated
In The Prosecution And Settlement Of The Action**

7.  Ontario Teachers was appointed Lead Plaintiff by Order entered September 20, 2007. Ontario Teachers previously reviewed and approved all submissions made in connection with the motion for its appointment as lead plaintiff.

**Prosecution Of The Action**

8.  On behalf of Ontario Teachers, I, and Mr. Padfield before me, closely supervised, carefully monitored, and have been actively involved in all aspects of the prosecution of the Action. We received periodic status reports from BLB&G on case developments and

3

participated in regular discussions with attorneys from BLB&G concerning the conduct of the Action. In particular, Ontario Teachers, among other things, has;

> (a) Reviewed and commented on pleadings submitted in this matter;
>
> (b) Reviewed and commented on briefs submitted in this matter;
>
> (c) Consulted with BLB&G regarding the retention of experts and other consultants;
>
> (d) Identified and provided relevant documents during the discovery process; and
>
> (e) Consulted with BLB&G regarding its review and assessment of the case in light of counsel's receipt and review of discovery.

### **Mediation And Settlement Of The Action**

9. On behalf of Ontario Teachers, I was intimately involved in overseeing and participating in the formal mediation and lengthy negotiations in this Action, which led to the Settlement. In particular, I traveled to and actively participated in the mediation in New York on April 16, 2009, before Michael D. Young. Because of our close supervision of the litigation and Ontario Teachers' prior experience serving as lead plaintiff, I believe Ontario Teachers was well-positioned and qualified to evaluate the reasonableness and adequacy of the settlement proposals and to formulate settlement positions on behalf of the Class. During the mediation, I conferred with BLB&G at length regarding the parties' respective positions. Consistent with those discussions, we determined not to settle the litigation at the conclusion of the mediation session. Rather, following the mediation, Mr. Young continued to explore the possibility of settlement with our counsel and with counsel for Defendants. BLB&G kept us apprised as these discussions were ongoing. In early May, in consultation with BLB&G, we agreed in principle to settle this litigation on behalf of the Class for $125 million cash, subject to confirmatory discovery.

10. As the specific terms of the Settlement and Settlement documentation were negotiated, I also reviewed, conferred with Lead Counsel, and approved the Stipulation of Settlement, the forms of Judgment and other Orders submitted to the Court in connection with the Settlement, and the proposals regarding the provision that certain corporate governance-enhancing Board Committees would be maintained at Bristol-Myers were negotiated as part of the Settlement consideration. I have also reviewed and commented with BLB&G upon the briefs and other documents that are presently being submitted in support of (a) final approval of the Settlement and approval of Lead Plaintiffs' proposed Plan of Allocation; and (b) approval of Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses.

**Ontario Teachers Strongly Endorses The Settlement,
The Plan Of Allocation And Counsel's Application For
<u>Awards Of Attorneys' Fees And Reimbursement Of Litigation Expense</u>**

11. Based on Ontario Teachers' oversight of the prosecution and mediation of this Action, Lead Plaintiff Ontario Teachers strongly endorses the Settlement and believes it provides an excellent recovery for the Class, especially when measured against the maximum amount of recoverable damages, and in view of the substantial issues we faced in establishing liability and damages in this case. For the same reasons, Ontario Teachers also strongly endorses the proposed Plan of Allocation, and believes that it represents a fair and reasonable method for valuing claims submitted by Class Members, and for distributing the Net Settlement Fund to Class Members who submit valid and timely proof of claim forms.

12. Ontario Teachers further believes that Lead Counsel's requested fee of 17% of the Settlement Fund is fair and reasonable in light of the work it performed on behalf of us and the Class. We negotiated and approved that fee by considering the outstanding result obtained for the Class and by comparing it to Plaintiffs' Counsel's lodestar.

13. Ontario Teachers further believes, after reviewing the expenses incurred by Lead Counsel and the other firms, that the litigation expenses being requested for reimbursement are reasonable, and represent costs and expenses necessary for the prosecution and resolution of this securities fraud action. As a result, Ontario Teachers has approved the request for reimbursement of expenses submitted by Plaintiffs' Counsel.

14. Ontario Teachers understands that reimbursement of a lead plaintiff's reasonable costs and expenses, including lost wages, is authorized under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). For this reason, in connection with the fee and expense application, Ontario Teachers determined the costs and expenses that it has incurred in connection with the litigation. Such costs and expenses, totaling $19,680.47, include lost wages, travel and meals, and other costs it has incurred. Ontario Teachers seeks reimbursement for: (a) the cost of the time that Mr. Padfield and I devoted to the supervision of this Action in the amount of $13,300.00 (19 days at $700.00 per day); and (b) out of pocket expenses of $6,380.47 for the costs of out-of-town travel, for a total of $19,680.47.

15. In conclusion, as an authorized representative of Ontario Teachers, which was intimately involved throughout the commencement, prosecution, mediation and settlement of this Action, I strongly support (i) the Settlement obtained for the Class as fair, reasonable and adequate, and believe that it represents an outstanding recovery; (ii) the Plan of Allocation, and believe that it provides a fair and reasonable method for valuing claims submitted by Class Members and for distributing the Net Settlement Fund; and (iii) the attorneys' fee and litigation expense reimbursement application, and believe that it represents fair and reasonable compensation for counsel in light of the outstanding recovery for the Class and the litigation risks, and that it is consistent with the fees applied for and awarded in other substantial class

6

actions. Accordingly, I respectfully request that the Court approve the Settlement, the Plan of Allocation and the attorneys' fee and litigation expense reimbursement application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
JEFFREY DAVIS
Senior Legal Counsel, Investments
Ontario Teachers' Pension Plan Board

Executed this 19th day of November, 2009