USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 0 8 DEC 2009

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEVEN W. SAMPSON, TRUSTEE,

    Plaintiff,

- against -

JAMES D. ROBINSON III, LEWIS B. CAMPBELL, JAMES M. CORNELIUS, LAURIE H. GLIMCHER, M.D., VICKI L. SATO, PH.D., LEIF JOHANSSON, LOUIS J. FREEH, MICHAEL GROBSTEIN, and R. SANDERS WILLIAMS, M.D.,

    Defendants,

and

BRISTOL-MYERS SQUIBB COMPANY,

    Nominal Defendant.

---

Case No. 1:07-CV-06890-PAC

Related Case No. 1:07-cv-05867-PAC

## [PROPOSED] FINAL ORDER AND JUDGMENT

This matter came before the Court for hearing pursuant to an Order dated August 18, 2009 (the "Preliminary Approval Order"), on the application of the parties for approval of the settlement in this putative stockholder derivative action (the "Action") on the terms provided for in the Stipulation of Settlement dated July 20, 2009, and filed with the Court on July 21, 2009 (the "Stipulation"); and

The Court having received and considered evidence of due and adequate notice having been given to holders of the common stock of Nominal Defendant Bristol-Myers Squibb Company ("BMY" or the "Company") as of July 20, 2009 (the "Record Date"), as required in the Preliminary Approval Order, and following such notice, a hearing having been held before

this Court on December 8, 2009 at 2:00 p.m., 2009 (the "Settlement Hearing") to determine the matters contemplated herein; and

The Court having considered all papers and filings had herein and otherwise being fully informed of the premises and good cause appearing therefore,

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The settlement of the Action provided for in the Stipulation (the "Settlement") is, in all respects, fair, reasonable and adequate, is in accordance with Rule 23.1 of the Federal Rules of Civil Procedure and is in the best interests of BMY and should be approved. Accordingly, the Settlement is hereby approved and shall be consummated in accordance with the terms and conditions provided in the Stipulation.

2. The Court finds that the notice to BMY shareholders that was required under the Preliminary Approval Order has been provided. The notice that was provided included BMY's posting on its website of a copy of the Notice of Proposed Settlement of Shareholder Derivative Action and Settlement Hearing substantially in the form attached to the Preliminary Approval Order (the "Notice"); the provision of additional copies of the Notice to BMY shareholders that requested them; the publication of the Notice by issuance of a BMY press release on 2009; and the publication of a summary form of Notice in Investor's Business Daily.

3. The Notice given to BMY shareholders as described in the preceding paragraph constitutes the best notice practicable under the circumstances and satisfies the requirements of Federal Rule of Civil Procedure 23.1 and due process.

4. Derivative Plaintiff Steven W. Sampson, Trustee has been a shareholder of BMY at all relevant times and is recognized to be an adequate representative plaintiff for the

2

purpose of bringing and prosecuting a shareholder derivative claim under Delaware law and under Federal Rule of Civil Procedure 23.1.

5. The Action is dismissed with prejudice and without costs (except as provided in the Stipulation).

6. For good and sufficient consideration, the Company, for itself and its affiliates and subsidiaries, and Derivative Plaintiff, on behalf of himself, his heirs, executors, administrators, successors and assigns, and all other shareholders of BMY at any time from January 20, 2006, through and including the Effective Date (the "Releasors"), shall be deemed to have fully, finally and forever released, relinquished and discharged each and every derivative claim, right, cause of action and right to seek recovery for liabilities, damages, losses, attorneys' fees, costs or expenses, whether known or unknown, suspected or unsuspected, matured or unmatured, and whether based upon federal, state, or local statutory or common law, or any other rule or regulation, that has been, or could have been, asserted in the Action by the Company or derivatively by Plaintiff or by any other holder of any BMY security, option or warrant, or that arises out of, or is in any way based upon, connected with or related to any allegations of the Derivative Complaint or any prospectus, registration statement, proxy statement, annual report (initial or restated), quarterly earnings report (initial or restated), press release or other publicly disseminated documents or public statements of BMY during or relating to any period prior to the date of the Stipulation (the "Settled Claims"), against any of the Director Defendants in the Action and each of their respective families, heirs, executors, trustees, personal representatives, estates or administrators, attorneys, counselors, financial or investment advisors, against BMY, its present or former officers, directors, employees, co-venturers, agents, attorneys, representatives and affiliates (within the meaning of Rule 12b-2 of the Securities Exchange Act

3

of 1934), successors and assigns (the "Released Parties"). Notwithstanding the foregoing, the Settled Claims shall not include any non-derivative claims that were or could have been asserted against any of the Released Parties by members of the putative class in the related class action securities litigation, *In re Bristol Myers Squibb Co. Securities Litigation* (1:07-cv-05867-PAC-RLE) (the "BMY Class Action").

7. Each and every shareholder of BMY is forever barred and enjoined from asserting, alleging, instituting, commencing, prosecuting or continuing, either directly, derivatively or otherwise, any and all Settled Claims against the Released Parties.

8. Derivative Plaintiff's counsel, Wolf Haldenstein Adler Freeman & Herz LLP, is hereby awarded attorneys' fees and reimbursement of costs and expenses in the aggregate amount of four hundred twenty-five thousand dollars ($425,000.00), to be paid in accordance with the terms of the Stipulation.

9. This Order and Final Judgment, the Stipulation and Settlement, and any and all negotiations, papers, writings, statements and/or proceedings related to the Settlement are not, and shall not in any way be used or construed as:

(a) an admission or concession on the part of any Defendant or any of the Released Parties of any liability or wrongdoing of any kind, which liability or wrongdoing the Released Parties expressly deny; or

(b) an admission or concession on the part of the Derivative Plaintiff that any of the claims asserted in this Action are without merit.

4

10.  Jurisdiction is hereby reserved over all matters relating to the consummation of the Settlement. This reservation of jurisdiction does not affect in any way the finality of this Order and Final Judgment.

Dated: December 1, 2009

_____
U.S.D.J.