USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 14, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE BRISTOL-MYERS SQUIBB CO.
SECURITIES LITIGATION

File No. 07-CV-5867 (PAC)

## ORDER APPROVING DISTRIBUTION OF NET SETTLEMENT FUND

Lead Plaintiff the Ontario Teachers' Pension Plan Board ("Lead Plaintiff") has moved this Court for an Order approving a distribution plan for the Net Settlement Fund, and the Court having considered all materials and argument submitted in support of the motion, including the Memorandum of Law in Support of Lead Plaintiff's Unopposed Motion for Order Approving Distribution of Net Settlement Fund ("Motion") and the Declaration of Stephen J. Cirami in Support of Lead Plaintiff's Motion for Approval of Distribution Plan (the "Cirami Declaration") submitted therewith;

NOW, THEREFORE, IT IS HEREBY ORDERED:

A.  The administrative recommendations to accept claims, including the claims filed after the December 30, 2009 deadline ("Late Claims") but before September 30, 2010, and to reject wholly ineligible or otherwise deficient claims, as recommended by the Claims Administrator, The Garden City Group ("Garden City Group" or "GCG"), as stated in the Cirami Declaration, are adopted, and said claims are hereby accepted and eligible for payment from the Net Settlement Fund;

B.  Distribution of 90% of the Net Settlement Fund (after deduction for the payments for accrued and anticipated expenses related to notice and administration, taxes and tax payment, and escrow fees, as authorized by the Stipulation of Settlement or the Court) to the Authorized Claimants pursuant to the Court-approved Plan of Allocation is directed;

C. The recommended plan for further distribution of the Settlement Fund remaining after the initial distribution is adopted, pursuant to Section IV of the Motion and paragraph 38(a)-(f) of the Cirami Declaration, as follows:

   a. GCG will distribute to Authorized Claimants their *pro-rata* share of 90% of the available balance of the Net Settlement Fund, after deducting the payments previously allowed and requested herein, and after the payment of any estimated taxes and the costs of preparing appropriate tax returns and any escrow fees, to the Authorized Claimants who would receive at least $10.00 based on their Recognized Loss Amounts in comparison to the total Recognized Loss Amounts of all Authorized Claimants (the "Initial Distribution").

   b. In order to bring to GCG's, Lead Counsel's and, if necessary, the Court's attention a challenge by an Authorized Claimant that his, her or its Recognized Claim amount of Initial Distribution amount was not properly determined under the terms of the Court-approved Plan of Allocation, each Authorized Claimant who receives an Initial Distribution from the Net Settlement Fund shall simultaneously receive notification advising that, should an Authorized Claimant disagree with the calculation of his, her or its Recognized Claim amount or Initial Distribution amount, such disagreement must be made in writing, detailing the disagreement, and must be sent to GCG, postmarked no later than twenty (20) days after the Initial Distribution draft is mailed. The notification will advise each Authorized Claimant that should he, she or it fail to timely advise GCG of his, her or its objection in the manner provided, he, she or it shall be deemed to have forever waived all objections to the amount of their Initial Distribution and any subsequent

    distribution of the Net Settlement Fund pursuant to paragraph 26 of the Stipulation.

c.     In order to encourage Authorized Claimants to promptly cash their Initial Distribution drafts promptly, and to avoid or reduce future expenses relating to unpaid Initial Distribution drafts, all Initial Distribution drafts will bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]."

d.     Authorized Claimants who do not cash their Initial Distribution drafts within the time allotted will irrevocably forfeit all recovery from the Settlement unless good cause is shown. The funds allocated to all such stale-dated drafts will be available in subsequent distributions to be re-distributed to other Authorized Claimants. Similarly, Authorized Claimants who do not cash subsequent distributions within the time allotted will irrevocably forfeit any further recovery from the Settlement, unless good cause is shown.

e.     GCG will conduct a second distribution of the Net Settlement fund (the "Second Distribution"), pursuant to which the amount remaining in the Net Settlement Fund (including the 10% reserve and the funds for all void stale-dated drafts), after deducting GCG's additional reasonable costs and expenses incurred in connection with administering the Settlements, including the estimated costs of such Initial Distribution, and after the payment of any estimated taxes and the costs of preparing appropriate tax returns, will be made to Authorized Claimants who have cashed their Initial Distribution drafts and who would receive at least $25 from such re-distribution.

  f. In order to allow a final distribution of any balance that may remain in the Settlement Fund after the Second Distribution, whether by reason of returned funds, tax refunds, interest, uncashed drafts, or otherwise:

    i. If cost effective, not less than six months after the Second Distribution is conducted, a further distribution of the Net Settlement Fund, pursuant to which all funds from undeliverable, uncashed, or returned checks, after payment to any Authorized Claimants who validly contest the amount they deserve, and after payment or any unpaid costs or fees incurred or to be incurred in connection with administering the Net Settlement Fund (including the estimated reasonable costs of conducting such additional distributions), shall be distributed to Authorized Claimants who cashed their Second Distribution drafts and who would receive at least $25 in such further distribution based on their Recognized Claims, with additional redistributions thereafter in six-month intervals until GCG and Lead Counsel determine that further redistribution is not cost-effective; and

    ii. At such time as GCG and Lead Counsel determine that further redistribution is not cost-effective, the balance of the Net Settlement Fund, after payment of any unpaid reasonable costs or fees incurred in connection with administering the Net Settlement Fund, shall be donated to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Lead Counsel, *subject to prior notice to the Court of both amount and intended beneficiary.* /PAC/

*[Endorsement: ., subject to prior notice to the Court of both amount and intended beneficiary.]*

  D. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Proofs of Claim, or otherwise involved in the administration of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement; and all Class Members are barred, whether or not they

4

receive payments from the Net Settlement Fund, from making any further claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, the Claims Administrator, the Escrow Agent or any other agent retained by Lead Plaintiff or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amount allocated to Authorized Claimants;

E. In accordance with the Stipulation of Settlement, payment to the Claims Administrator, Garden City Group, from the Settlement Fund of the balance owed of $1,260,914.60 for the fees and expenses incurred and estimated to be incurred through the end of the initial distribution, is authorized, and payment to Garden City Group for its reasonable fees and expenses in connection with the distribution plan, including any distributions following the initial distribution, is approved;

F. Destruction of paper copies of the Claim Forms and electronic copies of Claims records one year and three years after final distribution, respectively, is authorized; and

G. This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other and further relief as this Court deems appropriate.

H. The Clerk of Court is directed to terminate document #81 from ECF.

IT IS SO ORDERED.

DATED: October 14, 2010
New York, NY

_____
THE HONORABLE PAUL A. CROTTY
UNITED STATES DISTRICT COURT JUDGE

5